FARMERS' NAT. BANK OF GREENVILLE, OHIO, *v.* GREEN and others.*

(*Circuit Court, S. D. Ohio.*   December 3, 1880.)

1. JURISDICTION OF PROBATE COURTS IN OHIO—PROCEEDINGS TO SELL REAL ESTATE FOR THE PAYMENT OF DEBTS.—Probate courts in Ohio, in a proceeding by an administrator to sell real estate for the payment of debts, have jurisdiction to ascertain and adjust the liens thereon, settle priorities among lienholders, and apply the proceeds of sale in satisfaction thereof, in the same manner and to the same extent as a court of equity might in like proceedings.

2. SAME—ESTOPPEL—PARTIES.—Its findings and judgments in such proceedings are conclusive against the parties thereto, and it is immaterial as to their effect whether such parties shall appear and answer to the issues and claims made or not, or whether such claims or issues be presented in the petition, or in the other pleadings in the cause.

On demurrer to the first defence in the answer.

*Knox & Anderson,* for plaintiff.

*Bateman & Harper,* for defendant.

BAXTER, C. J., (*orally.*)   It seems that Francis Waring, who was the husband and intestate of E. J. Waring, the administratrix now before the court, gave a note for $2,000 to the plaintiff for money borrowed; and James A. Ries and John W. Green were his sureties for the payment of said note, and upon that note the present suit is brought.   For the protection of these sureties Waring executed a mortgage upon his real estate to indemnify them against their liability as sureties.   Upon the death of the principal the administratrix filed a petition in the probate court of Drake county, Ohio, for the payment of debts, praying for a sale of the land of said Francis Waring, in which she made Ries and Green, the sureties, together with the bank, parties, and asked that the amount of the lien be ascertained and declared, and that the land be sold to the end that she might have the benefit of the surplus remaining after paying the note.   The court heard the case with all these parties before it, and ascertained and decreed that the only amount due on the note for $2,000 was $748.49.

*Reported by Florien Giauque and J. C. Harper, of the Cincinnati bar.

These securities plead that state of facts, and say that that is an adjudication which declares and fixes the amount which they are entitled to pay; that they have a lien for that amount, and no more; and that the bank, the plaintiff in this case, being a party before the probate court, is bound by that finding, and is estopped from demanding anything further from these defendants, the sureties.

The validity of that plea depends upon the peculiar laws of Ohio. It is claimed by the bank that it is not an estoppel, because there was no issue made up between the bank and the other parties; that it was a controversy between the administratrix and the sureties upon the note; and that they connot be estopped, because they made no issue, and were not, in fact, necessary parties to that proceeding. Independently of the statute of Ohio, conferring jurisdiction on the probate court, the proceeding must have been one in equity. Mrs. Waring would have had a right to have gone into a court of chancery and stated to the court that a mortgage had been executed in favor of these parties to indemnify them against the payment of the $2,000 note; that all but $748.49 had been paid, and that their lien, therefore, was only against the payment of this balance, and that she wanted the equities and rights of these parties adjusted; and she could have brought in the bank before the court, and the court could have taken, and ought to have taken, jurisdiction and cognizance of the matter, and proceeded to hear and determine and fix and adjudicate the balance due upon the note, and give a decree to that effect which would have been binding upon the parties.

This idea that, because they did not make an issue, they are not bound by that adjudication, is not in our opinion maintainable. Any one of a number of distributees may file a bill against an administrator for an account. He is bound to make all the distributees parties. If they do not join him in the prosecution of the suit, he must make them defendants. They are in that way brought before the court. They may interpose no defence, and possibly make no answer or take no active part in the proceedings; and on an issue made

between a plaintiff, as one of the number of distributees, and an executor, for an account, an account is had and confirmed by the court, it would, as a matter of course, bind all the legatees or distributees, and no one could afterwards bring a suit, and ask to have an accounting in his own favor, upon the ground that he was merely made a party defendant, and took no active part in the suit.

The jurisdiction of the probate court in this particular is as broad as that of a chancery court. In law persons are compelled to take definite positions either as plaintiffs or defendants, but in equity they may be assigned to any position. There may be 10 or 20 interested in the prosecution of a suit, but only one of them willing to assume the responsibility of commencing an action. He cannot force those who are interested in common with him to become parties plaintiff, and he is compelled, if they refuse to become parties plaintiff, to make them parties defendant, which he does, and brings them before the court, and they, being parties before the court, have a right to take exception to the finding of the court, and take the ordinary remedy for reviewing and reversing.

The statute of Ohio, relating to the sale of real estate for the payment of debts and distribution of proceeds, provides : "The probate court, or court of common pleas, in which such action may be pending, shall have full power to determine the equities between the parties, and the priorities of lien of the several lienholders on said real estate, and to order a distribution of the money arising from the sale of such real estate, according to the respective equities and priorities of lien, as found by the court." Ohio Rev. St. 1880, § 6145.

This statute gives the probate court the same power which a court of chancery would have, and the plaintiff, the administratrix of the estate, had a right to have the court ascertain the amount due upon the note, and to have that fixed and adjudicated ; and the court having power to decide and determine all the equities between the parties, and to determine the priorities of liens, the judgment of the probate court in that case finding that there was only a balance of $748.49 due upon

the note instead of the full face of it, and that Green the Ries, the sureties, only had a lien to that extent, and ordering a sale of the property, and an appropriation of the money upon that basis, in a suit in which the bank was a party, and from which no appeal was taken, would be conclusive. The plea is therefore a good one, and the demurrer is overruled.