HERD v. BILBY.

No. 32913.　Oct. 7, 1947.

Rehearing Denied Nov. 25, 1947.

*186 P. 2d 833.*

Guy L. Andrews, of McAlester, for plaintiff in error.

Hugh M. Sandlin and Marvin Balch, both of Holdenville, for defendant in error.

LUTTRELL, J.　This action was brought by the plaintiff, H. L. Bilby, against Lorraine Meadors, now Herd, to quiet title of plaintiff to a lot and dwelling house in the city of Holdenville.　Defendant answered asserting title to the property and the cause was tried to the court without a jury.　Judgment was for plaintiff, and defendant appeals.

Essential facts are undisputed.　Defendant is the former wife of W. T. Meadors, who obtained a divorce from her in 1933.　Meadors died on May 18, 1943, and plaintiff thereafter acquired, by deed, the interest of some of his heirs, and thereafter in a partition suit, brought by one of the heirs, elected to take the property at its appraised value and received a sheriff's deed therefor.　Defendant was not a party to this partition proceeding.

At the time the divorce proceeding was had between the defendant and W. T. Meadors, the parties entered into an agreement in settlement of their property rights.　The property involved was not jointly acquired, but was the separate property of W. T. Meadors.　By the contract of settlement it was agreed that defendant was to have the property for a period of her lifetime, or as long as she remained single; that she was to also have certain household furniture, which was to be placed in the dwelling house on the property; that W. T. Meadors would pay all taxes against the property during the lifetime of defendant as long as she remained single, and that he would pay her $1,500 at the rate of $25 per month so long as she remained single.　This contract was signed and acknowledged by both of the parties.　The petition for divorce filed by Meadors recited that a full and com-

plete property settlement had been made, and that no property rights were involved in the action. The only pleading filed by the defendant, Lorraine Meadors, in said case, was a waiver of service of summons and entry of appearance, and consent that the cause could be heard at any time without notice to her. The judgment was a default judgment. The decree of divorce recited that the court found that all property rights had been settled by the parties; that the written property settlement between the parties was on file in the cause, and that the same was in all respects fair and just and should be approved, and ordered that said settlement be approved and confirmed. The settlement contract was not attached to the petition for divorce, but was apparently exhibited to the trial court when the decree was obtained.

As ground for reversal defendant contends that the contract was embodied in the decree of the court, and that the provision therein that her rights in the property should terminate upon her remarriage was violative of the statute covering the disposition of property upon a divorce (12 O.S. 1941, §1278), and was therefore void, and that title to the property passed to her unconditionally; that the distribution of the property to the heirs of W. T. Meadors after his death, and the partition suit thereafter brought, were not binding upon her and could not defeat her title. We do not agree with this contention.

In Allen v. Allen, 196 Okla. 36, 162 P. 2d 193, we called attention to the distinction between those settlement agreements in divorce cases which amounted to no more than a stipulation of fact with respect to the property rights, which it was intended should be submitted to the trial court for its guidance and which thereafter ceased to be operative, and other agreements which the parties intended should govern their rights whether submitted to the courts or not. In that case we held that a contract of the latter type, although confirmed and approved by the trial court, was not incorporated and adopted into and made a part of the final divorce decree so as to extinguish the contract, and make the rights of the parties dependent upon the decree rather than upon the contract. Clearly the contract in this case was of the latter type, and was not incorporated into and made a part of the divorce decree, and was not merged in or extinguished by the decree.

In Elliott v. Dunham, 191 Okla. 395, 130 P. 2d 534, we held that a settlement contract containing numerous provisions which, if embodied in the decree of divorce, would be invalid as in excess of the power and authority conferred upon the court by statute, was valid and binding upon the parties in so far as its provisions were not incorporated into the divorce decree.

In Murphy v. McElroy, 185 Okla. 388, 92 P. 2d 369, we held that a settlement contract providing for the payment by the husband to the wife of a stipulated sum per month so long as the parties were living and so long as the wife remained single and unmarried, and for its termination immediately upon the death of either party, or the remarriage of the wife, was valid and binding upon the parties where such contract was not merged into or extinguished by the decree of divorce.

In accordance with the rule announced in the cases above cited, which have never been modified or departed from, we hold that the contract of settlement in the divorce case between W. T. Meadors and defendant was not merged into nor extinguished by the decree of divorce rendered in that action, and that in the absence or fraud or collusion it was valid and binding upon the parties.

In his argument counsel for defendant fails to give due consideration to the fact that the divorce was granted the husband for the fault of the wife. If we assume, as he contends, that the contract was a part of the decree of

divorce and that the rights of the defendant are to be measured by the decree, the result would be the same. We have many times held that in such cases alimony to the wife, because of whose fault the divorce was granted, is not a matter of statutory right, but that the court, in its discretion, and with due regard to the husband's ability to pay, may allow her such alimony as would save her from destitution, and prevent her from becoming an immediate charge upon society. Haynes v. Haynes, 190 Okla. 596, 126 P. 2d 65, and authorities therein cited. Alimony in such cases is not a matter of right.

The trial court found that there was no fraud involved in the transaction, and it was not contended that there was any collusion between the parties.

We have examined the evidence and agree with the finding of the trial court that no fraud is shown. While defendant testified that prior to the time she signed the contract she had been subjected to both physical and mental abuse, she admitted that she executed and acknowledged the contract, but denied that she read it or that it was read to her, and stated that the oral agreement between her and her husband was that she should have the property absolutely. But the attorney who prepared the contract testified that he personally read it to her in the presence of W. T. Meadors and that it was voluntarily executed and acknowledged by her. While she did not have an attorney of her own present when the contract was signed, it is not contended that the attorney for W. T. Meadors testified falsely or that he in any way misrepresented the contents of the contract to her. It is true that the contract recited that Meadors had executed muniments of title to the real estate prior to the time the contract was signed, but apparently no deed to the property was ever delivered to defendant, if in fact such deed was executed by Meadors. Nor did the defendant ever demand such a deed.

It further appears that up to the time this action was brought defendant, after her marriage in 1936, did not collect any rent from the property nor pay any taxes thereon nor make any claim to the title or demand for possession, but that after her marriage the tenant in possession paid the rent to Meadors. Defendant's explanation of her inaction was that after the divorce she became seriously ill, and that Meadors agreed to pay her hospital expenses and reimburse himself out of the rents from the property and alimony payments. How much the hospital expenses were is not shown, but the fact remains that after her second marriage defendant went to California, where she lived for some five years preceding the bringing of the present action, and that she made no effort to obtain an accounting from Meadors, or to assert any interest in the property, either before or after his death. Neither did she contend that further payments of alimony were due her.

The facts and circumstances surrounding the transaction, and her conduct after her remarriage, justify the conclusion that defendant understood that her rights in the property and her right to alimony payments terminated upon her remarriage; that she was not misled in executing the contract, and that no fraud was practiced upon her in connection therewith. We have carefully examined the entire record, as well as the cases relied upon by defendant to sustain her contention, such as McRoberts v. McRoberts, 177 Okla. 156, 57 P. 2d 1175, and Dresser v. Dresser, 164 Okla. 94, 22 P. 2d 1012, and are impelled to the conclusion that the judgment of the trial court was not clearly against the weight of the evidence nor contrary to law.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, CORN, and GIBSON, JJ., concur.