**SCHOONOVER v. SCHOONOVER.**

No. 3727.

United States Court of Appeals
Tenth Circuit.

Jan. 27, 1949.

Paul A. Speer, of Amarillo, Tex., and Lee Gill, of Oklahoma City, Okl., for appellant.

James S. Twyford, of Oklahoma City, Okl. (L. E. Tryon, of Guymon, Okl., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

On October 26, 1943, M. M. Schoonover and Marie Louise Schoonover, husband and wife, executed a separation and property settlement agreement. The agreement recited their marital difficulties, listed the property acquired by their joint efforts during their marriage, estimated its net value at $70,000, and provided that the wife should receive as her share one-half of the value thereof amounting to $35,000, in settlement of her share of their jointly acquired property. The contract contained other provisions specifying the mode of payment and other matters of common concern and interest to the parties. The husband also agreed to pay for the education of their one child for a specified period of time. The contract also recited that the wife had received separate and independent legal advice in the making of the contract and that the husband had divulged all the property which he owned or which he and his wife jointly owned. On October 30, 1943, certain changes were made under a supplemental agreement, the provisions of which are not material here.

Contemporaneously with the execution of the contract the wife filed a petition for divorce against the husband in an Oklahoma State Court. The divorce petition referred to the property settlement contract of October 26, 1943, in the following terms:

"That the parties have accumulated, since their marriage, and by their joint efforts, considerable real estate and personal property of the approximate value of $90,000.00, and that there are debts of the parties in the proximate amount of $20,000.00, that the property of the parties is located and situated in Texas County, Oklahoma and in Roosevelt County, New Mexico, and said property is more particularly described in a certain Property Settlement entered into between the parties and hereinafter mentioned.

"That the plaintiff and defendant have entered into an Agreement which is a property settlement whereby the parties have settled their property rights and interests therein, a copy of said Agreement is hereto attached, marked Exhibit 'A' and made a part hereof, and that the plaintiff desires that said property agreement and settlement be approved by the Court.

"Wherefore, plaintiff prays for a decree of divorce from the defendant, that the marriage relation existing between the parties be dissolved, that the property settlement entered into between plaintiff and defendant be approved and for such other relief as to the court may seem proper."

The divorce decree entered in the divorce action was in part as follows:

"The court further finds that the parties have heretofore entered into a separation agreement and property settlement contract, which said agreements were before the court and which the court finds are fair, just and equitable and were made and entered into by each of said parties upon competent and able advise and that the same should be approved.

"It is therefore Ordered, Adjudged and Decreed by the court that the marriage relationship heretofore existing between the said Marie Louise Schoonover and M. M. Schoonover, be, and the same is hereby dissolved and both parties are released from the same. ·

"It is further ordered that the care, custody and education· of the child of the parties hereto, · Charles Schoonover, be confided to the plaintiff exclusively.

"It is further ordered, adjudged and decreed that the property settlement agreements entered into· by and between the parties, making ·disposition of their property affairs be, and the same is hereby confirmed by the court."

On June 11, 1947, appellant, the ex-wife filed this action against her former husband in the United States District Court for the Western District of Oklahoma. ·The complaint charged M. M. ·Schoonover with fraud in the execution of the property settlement agreement. In brief, the complaint alleged that' Schoonover had procured the execution of the ·contract on her part by fraud; that he had made fraudulent representations to her shortly prior to the execution thereof with respect to the property acquired by them during their marriage and with respect to the value thereof· and misrepresented the amount of indebtedness owed by them, and fraudulently failed to list property· jointly acquired by them.

In her first cause of action, she prayed for a reformation of the contract so as to speak the truth as to the fair cash market value of the property, the·true indebtedness owing ·by them, and that the contract be reformed so as to award her one-half of the net value of the property so established. In a second cause of action, she prayed the court to award her one-half of the net earnings received by appellee from the earnings of their joint property; and in a third cause of action, she prayed that the court ascertain the amount due her under the contract as reformed and· award her judg-, ment therefor against Schoonover.

By answer, Schoonover pleaded that the property settlement agreement was merged in the decree of divorce and that such decree was res judicata of the three issues tendered by the complaint in this action. In a pre-trial conference, the parties agreed on the petition, the contracts, exhibits and decree in the divorce action. Defendant then filed a motion for summary judgment on the ground that the judgment in the divorce action was res judicata of the questions sought to be presented in this action. The court sustained the motion and entered judgment against plaintiff and this appeal followed. ·

Appellee's position that the property settlement contract was merged in the judgment in the divorce action and was thereby extinguished cannot be sustained. The decisions of the Oklahoma Supreme Court are, without exception, to the contrary.[1]

In these cases the Supreme Court distinguishes between those agreements which are in the nature of stipulations entered into between parties for the purpose of dispensing with the necessity of proof to enable the court to enter its judgment adjudicating the property rights of the parties and those agreements in which the parties expressly agree as to a division of their property rights and in which they intend that their rights shall thereafter be as set out in the contract "whether submitted to the court or not." Allen v. Allen, 196 Okl. 36, 162 P.2d 193, 194. Without exception, the Oklahoma court has held that contracts of the former class become merged in and are extinguished by the decree, and that thereafter any rights or cause of action must be based on the judgment. As to the latter class of agreements, the court has likewise, without exception, held that such contracts survive and that the contract is not merged in the decree even though the contract was submitted to the court for its approval and was approved by the court. It thus seems well settled by the Oklahoma decisions that where married couples enter into a property settlement contract which fully and completely adjusts their rights in their common property, and thereafter one files an action for divorce in which the contract is submitted to the court for its ap-

---

[1] See Elliott v. Dunham, 191 Okl. 395, 130 P.2d 534; Allen v. Allen, 196 Okl. 36, 162 P.2d 193; Herd v. Bilby, 199 Okl. 437, 186 P.2d 833.

proval and is approved by the court, the contract is not merged in the decree and the rights of the parties thereafter are controlled by the contract and any action to enforce such rights must be based upon the contract and not upon the decree of the court.

Such being the case, it is difficult to see why such a contract would be any different than a property settlement contract between two partners, and why the parties in an action thereon could not assert the same rights or the same defenses against each other that partners could in disputes arising out of a partnership property settlement contract.

■ While the Oklahoma Supreme Court has not specifically held that a property settlement contract which has been approved by the court in a divorce proceeding may be attacked in an independent action on the ground of fraud, we think that was the effect of the court's decision in Herd v. Bilby, 199 Okl. 437, 186 P.2d 833, 834. In the Herd case, as here, a property settlement contract was confirmed by the decree but was not incorporated therein. Thereafter in a quiet title action against her, the wife asserted rights in certain real estate greater than those conferred by the contract. These claims seem to have been based, in part at least, on a claim of fraud practiced upon her in procuring her execution of the contract. Apparently this defense was entertained by the court and was resolved against her. In laying down the general principles of law, the court said: " * * * we hold that the contract of settlement in the divorce case between W. T. Meadors and defendant was not merged into nor extinguished by the decree of divorce rendered in that action, and that in the absence of fraud or collusion it was valid and binding upon the parties."

In disposing of the wife's claim that fraud had been practiced upon her, the court said: "The facts and circumstances surrounding the transaction, and her conduct after her remarriage, justify the conclusion that defendant understood that her rights in the property and her right to alimony payments terminated upon her remarriage; that she was not mislead in executing the contract, and that no fraud was practiced upon her in connection therewith. We have carefully examined the entire record, as well as the cases relied upon by defendant to sustain her contention, such as McRoberts v. McRoberts, 177 Okl. 156, 57 P.2d 1175, and Dresser v. Dresser, 164 Okl. 94, 22 P.2d 1012, and are impelled to the conclusion that the judgment of the trial court was not clearly against the weight of the evidence nor contrary to law."

There is nothing in the case of Wheeler v. Wheeler, 167 Okl. 598, 32 P.2d 305, 307, which requires a contrary conclusion. In that case the trial court examined the property settlement contract, refused to approve it, set it aside, and adjudicated the property rights in the decree. On review, the Supreme Court referred to the Oklahoma Statute which made it the duty of the court to scrutinize such contracts to see that they were fair and equitable, and if it found them to be so, to approve them, and if not, then to set them aside and by decree make a fair and equitable division of the property. The gist of the court's holding is found in the statement that "the trial court in a divorce proceeding may adopt a property settlement entered into between the husband and wife, but it is not bound to do so." If the court approves the contract, it stands, and the parties' rights and obligations thereafter must be found in the contract. If the court, however, disapproves of the contract, it is set aside, it ceases to exist, and the property rights are then determined by the judgment of the court.

■ Appellant stated her case against appellee in three counts or causes of action. In each she alleged, in substance, that appellee made false and fraudulent representations as to the extent and value of their joint property; that she relied thereon, was deceived thereby, and as a result was induced to execute the contract accepting $35,000 as her one-half of the value of their joint property, when in fact the value of such one-half interest was much greater. In the first cause of action she prayed that the contract be reformed so as to set out the true, fair cash market value of their common property, and true and correct indebtedness, and that the contract be re-

formed to provide that appellant agree to accept the same and appellee agree to accept the same within a reasonable time.

In her second cause of action, she prayed that the court adjudge to her one-half of the net earnings received by appellee from the earnings of their joint property, and in her third cause, she prayed that the court establish the written contract as reformed, ascertain the amount due her thereunder, enter judgment for her in the amount found due, and for proper relief to which the court found her entitled upon hearing thereof.

It may be conceded that appellant is not entitled to a reformation of the contract in this action. The elements which will entitle one to a reformation of a contract are well stated in 53 C.J., page 949. A good statement of the rule is also found in Harding v. Robinson, 175 Cal. 534, 166 P. 808, 811; see also Spexarth v. Rhode Island Insurance Company, 118 Or. 22, 245 P. 515, 516. However, in view of the interpretation we place on the complaint, we conclude that this was not an action for the reformation of the contract, and in the interest of brevity, we, therefore, will not further discuss and develop the conditions under which one may ask for the reformation of a contract.

While the complaint is not clearly or artistically drawn, we think, fairly interpreted, the gist of the cause of action stated therein is that the fraud complained of induced appellant to agree to the execution of the contract to her damage in the amount which represented the difference between what she agreed to accept and one-half of the net true value of their joint property accumulations.

The prayer of the first count or cause of action asking for reformation of the contract may be disregarded because it is recognized, without exception, that the prayer forms no part of the cause of action, and that a pleader will be entitled to the relief made out by the case and stated in the pleadings, irrespective of what is asked for in the prayer.[2]

As stated, what appellant sought was damages resulting to her from the alleged fraudulent representation which induced her to execute the contract and this is what she is entitled to receive if she can make her case, irrespective of what she asks for in the prayer.

The judgment is accordingly reversed and the cause is remanded with directions to adjudicate the question of fraudulent representations and resulting damage, if any, to appellant.

PHILLIPS, Chief Judge (concurring).

I concur in the result.

The trial court predicated its decision on two grounds: (1) that it was without jurisdiction to grant the relief sought and, (2) that the issues tendered in the instant case were adjudicated by the court in the divorce action, and that the parties were concluded as to those issues by the judgment in the divorce action under the doctrine of res judicata.

12 Okl.St.Ann. § 1278 provides that when a divorce shall be granted, the court shall make such division between the parties of the real and personal property acquired by the parties jointly during their marriage as may appear just and reasonable and that the division of the property may be either in kind or by setting the same apart to one of the parties and requiring the other to pay such sum as may be just and proper to effect a fair and just division thereof. The separation agreement involved in the instant case provides for a division between the Schoonovers of the real and personal property acquired by them jointly during their marriage. In the case of Wheeler v. Wheeler, 167 Okl. 598, 32 P.2d 305, the Supreme Court of Oklahoma announced what it stated was the mandatory duty of the divorce court under § 1278, supra, when the husband and wife had entered into a contract for a division of the property acquired by them jointly during their marriage and presented such contract to the divorce court for its sanction. I cannot agree that the duty of the divorce court, as

---

[2] See Federal Rules of Civil Procedure, rule 54 (c), 28 U.S.C.A.; Hawkins v. Frick-Reid Supply Corp., 5 Cir., 154 F. 2d 88; Kansas City, St. L. & C. R. Company v. Alton R. Company, 7 Cir., 124 F.2d 780.

laid down in the Wheeler case, is merely to scrutinize the contract and see if it is fair and equitable and, if found to be so, approve it and, if not, to set it aside and by its decree make a fair and equitable division of the property.

Under 12 Okl.St.Ann. § 977, the law of the case is stated in the syllabi.[1] In the Wheeler case, syllabus 1 by the court reads: "1. When a husband [and] wife enter into an agreement fair and just, free from fraud, coercion, or undue influence, and they present the same for sanction in a court of equity in settlement and disposition of their property rights in the event a divorce is granted to either of the parties, the court in every case should scrutinize such a transaction very closely to ascertain whether the same was fairly entered into and whether or not the same is reasonable, just, and fair to the parties to the agreement. The court, in the exercise of its chancery powers and the mandatory statutory duty, must look beyond the terms of the agreement to ascertain all the facts and circumstances surrounding its execution and consider the relationship of the parties at the time of the trial, their ages, needs, health, financial conditions, opportunities to provide for themselves, and the part each performed in acquiring and contributing to the joint estate in order that the court may make such a division of the property jointly acquired during their marital relation as may appear just and reasonable."

I think that syllabus, read in the light of the text of the opinion, means that the divorce court, before approving and confirming an agreement for a division of the property jointly acquired during marriage, should look beyond the agreement, ascertain all the facts and circumstances surrounding its execution, determine that it was free from fraud, coercion, or undue influence and is reasonable, just, and fair to the parties.

Practical difficulties arise in the application of that part of the doctrine of res judicata, commonly called "conclusiveness of judgment,"[2] to the adjudication in the divorce proceedings.

Whether fraud was practiced upon Mrs. Schoonover as an inducement to her to enter into the separation agreement was not put in issue by the pleadings in the divorce proceeding. It is the general rule that the judgment of a court on an issue not submitted for its decision by the parties is not conclusive in a subsequent proceeding.[3] However, it has been held that, where a statute gives a probate court in a proceeding to sell real estate for the payment of decedent's debts, power to ascertain and settle priorities among lienholders, the judgment of the court is conclusive against a lienholder although his claim was not put in issue by the pleadings.[4]

Moreover, the record in the instant case failed to show affirmatively that such issue of fraud was decided by the divorce court. The only pertinent finding made by the divorce court with respect to the agreement was that it was "fair, just and equitable," and was entered into by the parties "upon competent and able advice * * * and should be approved." The judgment merely confirmed the agreement. A party, setting up a former judgment as an estoppel, has the burden of proving that the particular point or question, as to which he claims the estoppel, was in issue and determined in the former suit.[5] Here, Schoonover did not meet that burden.

The jurisdiction of the United States District Court in equity is not coexistent with the jurisdiction of a state court in equity, but is limited to the equity jurisdiction exercised by the High Court of Chancery in England at the time of the separation of the American Colonies from England.[6] Hence, the trial court had no jurisdiction to grant a divorce. Neither did it have jurisdiction to allow alimony, approve and confirm a property settlement in a separation agreement, or make a division of property jointly acquired by the

[1] Corbin v. Wilkinson, 175 Okl. 247, 52 P.2d 45, 47.

[2] See Henderson v. United States Radiator Corp., 10 Cir., 78 F.2d 674, 675.

[3] 50 C.J.S., Judgments, § 732, page 223.

[4] Farmers' National Bank of Greenville; Ohio v. Green, C.C.S.D., 4 F. 609, 611.

[5] Pierce v. National Bank of Commerce, 8 Cir., 268 F. 487, 496; 50 C.J.S., Judgments, § 843, page 410.

[6] Matthews v. Rodgers, 284 U.S. 521, 529, 52 S.Ct. 217, 76 L.Ed. 447.

husband and wife during marriage, either as an original proceeding in chancery, or as an incident to a divorce.[7]

But here the separation agreement was not merged in the judgment of the divorce court and the trial court did have jurisdiction, either to enforce the contract or to award damages for a fraud practiced upon Mrs. Schoonover as an inducement to the separation agreement, provided she had acquired, subsequent to the divorce decree, a domicile in a state other than the state of her husband's domicile and the requisite jurisdictional amount was involved.[8]

Accordingly, it is my conclusion that the court had jurisdiction of the subject matter of the action.

[7] Barber v. Barber, 21 How. 582, 62 U. S. 582, 584, 16 L.Ed. 226.

[8] Barber v. Barber, 21 How. 582, 62 U.S. 582, 588–600, 16 L.Ed. 226.