Paul D. PEEVY, d/b/a PAUL D. PEEVY BONDING
COMPANY *v.* STATE of Arkansas

CA 83-166                                    659 S.W.2d 957

Court of Appeals of Arkansas
En Banc
Opinion delivered November 2, 1983

*Evans, Ludwig & Evans,* by: *Stanley W. Ludwig,* for
appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Deputy
Atty. Gen., for appellee.

Tom Glaze, Judge. This case evolves from a criminal
action in which the defendant, charged with first degree

battery, failed to appear for trial. Cotton Belt Insurance Company (Cotton Belt) and Clint Spencer Bonding (Spencer Bonding) each had executed a $25,000 bond insuring the defendant's court appearance, and when he did not appear, the trial court ordered the bonds forfeited. In doing so, the court entered judgment against the defendant for the total bond amount of $50,000. After finding Spencer Bonding and appellant (agent of Cotton Belt) were defendant's sureties, the court held they were jointly and severally liable for the bond and entered a $25,000 judgment against each of them. From these judgments, appellant is the only party to appeal, and he raises one issue: The court erred in entering a judgment against him instead of Cotton Belt, because in executing defendant's bond, appellant merely served as Cotton Belt's limited surety agent.[1] We agree and therefore reverse.

The State concedes that appellant acted as attorney-in-fact for Cotton Belt when he executed the defendant's bond for the $25,000 amount. It is further undisputed that appellant, as executing agent, could only obligate Cotton Belt as surety on bail bonds not to exceed the sum of $27,000. The bond executed by appellant in this cause was clearly within the powers granted him by Cotton Belt, but the issue with which we are confronted stems from Cotton Belt's subsequent insolvency. Because of his concern over collecting the $25,000 from Cotton Belt, the judge stated that he looked, instead, to the appellant to pay the obligation. In doing so, the judge expressly recognized that appellant had acted in the matter as Cotton Belt's agent. Thus, the question we must decide is whether appellant, acting as a disclosed limited surety agent, is individually liable on Cotton Belt's bond after Cotton Belt became insolvent.

In *Williams-Berryman Insurance Co. v. Morphis,* 249 Ark. 786, 461 S.W.2d 577 (1971), the Supreme Court held that an agent was not liable under a fire insurance policy he had procured from a company which later was adjudged insol-

---

[1]Limited Surety Agent means any individual appointed by an insurer by power of attorney to execute or countersign bail bonds in connection with judicial proceedings and [who] receives or is promised money or other things of value therefor. Ark. Stat. Ann. § 43-734 (e) (Repl. 1977).

vent. The court, quoting from 43 Am. Jur. 2d *Insurance* § 178 (1969), adopted the following rule:

> [W]here a policy is procured in a company which is known by the agent to be insolvent, the agent is liable for a loss suffered thereby, while on the other hand, where the company was solvent when the policy was procured, the subsequent insolvency of the company does not impose liability on the agent or broker.

*Williams-Berryman Insurance Co.,* 249 Ark. at 790, 461 S.W.2d at 580. This rule, expressed in different terms, is further discussed in 3 Am.Jur.2d *Agency* § 294 (1962):

> If a contract is made with a known agent acting within the scope of his authority for a disclosed principal, the contract is that of the principal alone and *the agent cannot be held liable thereon, unless* credit has been given expressly and exclusively to the agent and it appears that it was clearly his intention to assume the obligation as a personal liability and that he has been informed that credit has been extended to him alone.

(emphasis supplied). *See also* Restatement (Second) of Agency, § 328 (1958), which in relevant part provides that "an agent, by making a contract only on behalf of a competent disclosed principal whom he has power so to bind, does not thereby become liable for its non-performance."

In view of the foregoing established insurance and agency principles, we find nothing in the record before us that reflects the appellant ever obligated himself, individually, on the defendant's bond.[2] Because appellant did not do so, the judgment rendered against him should be set aside. Therefore, we reverse and remand to the trial court so that it can proceed consistent with this opinion.

Reversed and remanded.

---

[2]Cf. *Miller* v. *State,* 280 Ark. 371, 658 S.W.2d 389 (1983) (a case in which the Supreme Court decided a similar bond forfeiture issue involving Cotton Belt Insurance Company).