# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2612

_____

Dingxi Longhai Dairy, Ltd.,       *
                                  *
    Plaintiff - Appellant,     *
                                  *   Appeal from the United States
v.                           *   District Court for the
                                  *   District of Minnesota.
Becwood Technology Group L.L.C.,  *
                                  *      [PUBLISHED]
    Defendant - Appellee.     *

_____

Submitted: February 14, 2011
Filed: February 17, 2011

_____

Before LOKEN, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Dingxi Longhai Dairy ("Dingxi") agreed to ship 612 metric tons of Inulin, a dietary fiber extract, to Becwood Technology Group ("Becwood"), a Minnesota distributor. The contract called for four shipments from the port of Tianjin-Xingang, China, to Londonderry, New Hampshire. Becwood received the first two shipments, paid for one, and refused to pay for the second because of mold on the exterior of the packaging. Dingxi recalled the third and fourth shipments before they reached their destination and sued Becwood for breach of contract and fraudulent misrepresentation. The district court granted Becwood's Rule 12(b)(6) motion and dismissed Dingxi's claims relating to shipments three and four. Nearly two years

later, the district court entered a final order granting Dingxi summary judgment on its breach-of-contract claim for shipment two. Dingxi Longhai Dairy, Ltd. v. Becwood Tech. Grp., L.L.C., 718 F. Supp. 2d 1019, 1024 (D. Minn. 2010). Dingxi now appeals the earlier order dismissing its breach-of-contract claims for shipments three and four.[1] We reverse.

It is undisputed that the contract was governed by the United Nations Convention on Contracts for the International Sale of Goods ("CISG"), the "international analogue" to Article 2 of the Uniform Commercial Code (UCC). Chicago Prime Packers, Inc. v. Northam Food Trading Co., 408 F.3d 894, 898 (7th Cir. 2005). In applying the Convention, we look to the language of its provisions and the "general principles on which it is based." CISG Art. 7(2). "Caselaw interpreting analogous provisions of Article 2 . . . may also inform a court where the language of the relevant CISG provisions tracks that of the UCC." Delchi Carrier SpA v. Rotorex Corp., 71 F.3d 1024, 1028 (2d Cir. 1995). With regard to pleading requirements, "the Convention's structure confirms what common sense (and the common law) dictate as the universal elements of [a breach-of-contract] action: formation, performance, breach and damages." Magellan Int'l Corp. v. Salzgitter Handel GmbH, 76 F. Supp. 2d 919, 924 (N.D. Ill. 1999).

For its breach-of-contract claim, Dingxi's complaint alleged that it timely delivered all four shipments "F.O.B. to Tianjin-Xingang Port, China," as specified in the signed purchase order; that Becwood failed to pay for the last three shipments; and that Dingxi was therefore entitled to recover $1,415,086 "together with interest, disbursement, costs, expenses and reasonable attorneys' fees." Under the UCC, this would plainly be a § 2-709 "Action for the Price" of the goods by the seller. Under

---

[1]Dingxi did not appeal dismissal of its misrepresentation claims. Accordingly, that portion of the partial dismissal order is affirmed.

the CISG, it was a claim by the seller for breach of contract subject to the remedy provisions in Articles 61-65 and 74-77. See CISG Art. 61(1).

Becwood moved to dismiss the claim regarding shipments three and four on the ground that a seller who recalls goods before they reach the buyer may not "recover as damages, even if you assume that there's a breach from the buyer, the very contract price of those goods that the seller retained." The district court agreed. It dismissed the claim on the ground that damages following contract avoidance are governed by CIGS Art. 76, and therefore "Dingxi has failed to assert cognizable damages on shipments 3 and 4."[2]

---

[2]Article 73(2) of the CISG provides:

> If one party's failure to perform any of his obligations in respect of any instalment gives the other party good grounds to conclude that a fundamental breach of contract will occur with respect to future installments, he may declare the contract avoided for the future, provided that he does so within a reasonable time.

Thus, "avoidance" of a contract under Article 73(2) is analogous to "cancellation" under the UCC. See §§ 2-106(4); 2-612(3). Article 76(1) provides as to remedies:

> If the contract is avoided and there is a current price for the goods, the party claiming damages may, if he has not made a purchase or resale under article 75, recover the difference between the price fixed by the contract and the current price at the time of avoidance as well as any further damages recoverable under article 74.

Article 74 provides that damages for breach of contract "consist of a sum equal to the loss, including loss of profit." Compare the seller's remedies provided in UCC §§ 2-703, 2-706, 2-708(1), and 2-708(2), which are "essentially cumulative in nature." R.E. Davis Chem. Corp. v. Diasonics, Inc., 826 F.2d 678, 681-685 (7th Cir. 1987).

We can agree that it is highly unlikely -- though not inconceivable -- that an aggrieved seller in this situation would recover the full contract price for shipments three and four. But Becwood's Rule 12(b)(6) motion to dismiss the breach-of-contract claim was nonetheless ill-conceived:

> The sufficiency of a pleading is tested by the Rule 8(a)(2) statement of the claim for relief and the demand for judgment is not considered part of the claim for that purpose, as numerous cases have held. Thus, the selection of an improper remedy in the Rule 8(a)(3) demand for relief will not be fatal to a party's pleading if the statement of the claim indicates the pleader may be entitled to relief of some other type.

5 Wright & Miller Federal Practice and Procedure: Civil 3d § 1255 at 508-09 (3d ed. 2004); see Bontkowski v. Smith, 305 F.3d 757, 762 (7th Cir. 2002); Laird v. Integrated Resources, Inc., 897 F.2d 826, 841-42 (5th Cir. 1990); Schoonover v. Schoonover, 172 F.2d 526, 530 (10th Cir. 1949). The amount of damages to be recovered is based upon the proof, not the pleadings. See Fed. R. Civ. P. 54(c).

Under the Federal Rules of Civil Procedure, "a court may dismiss a complaint only if it is clear that *no* relief could be granted under *any* set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (emphasis added; quotation omitted). Here, Dingxi's complaint stated a breach-of-contract claim -- performance of its contractual duty to deliver and the buyer's refusal to pay. A fact outside the pleading became part of the Rule 12 record, apparently without objection -- that Dingxi recalled shipments three and four before they reached the buyer. That fact will likely preclude recovery of the full contract price. But if Dingxi proves that Becwood breached the contract as to shipments three and four, it is almost certain to be entitled to *some* monetary relief. Accordingly, the district court erred in granting Becwood's Rule 12(b)(6) motion to dismiss.

-4-

The order dismissing Dingxi's breach-of-contract claims relating to shipments three and four is reversed. The case is remanded for further proceedings not inconsistent with this opinion, which may include the matter raised in Dingxi's motion to this court for leave to ask the district court to modify its order granting summary

judgment on shipment two. As the case is now remanded, that motion is denied as moot. See In re Modern Textile, Inc., 900 F.2d 1184, 1193 (8th Cir. 1990).

———————————————