AG SPECTRUM COMPANY, Plaintiff,

v.

**Vaughn ELDER, Defendant.**

**No. 3:15-cv-00007-JEG**

United States District Court,
S.D. Iowa, Davenport Division.

Signed March 30, 2016

**616**

Elliott R. McDonald, III, Ryan Frederick Gerdes, McDonald Woodward & Carlson PC, Davenport, IA, for Plaintiff.

Mark A. Tarnow, Bozeman Neighbour Patton & Noe, Moline, IL, for Defendant.

## ORDER

JAMES E. GRITZNER, Senior Judge
U.S. DISTRICT COURT

This matter is before the Court on Motion pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendant Vaughn Elder (Elder) to dismiss Part V of the Amended Complaint filed by Plaintiff Ag Spectrum Company (Ag Spectrum). A hearing on a discrete issue pertaining to the Motion was held on March 15, 2016, at which attorney Elliott McDonald III was present representing Ag Spectrum and attorney Mark Tarnow was present representing Elder.[1] The Motion is fully submitted and ready for consideration.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Courts consider motions to dismiss "accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." Cockram v. Genesco, Inc., 680 F.3d 1046, 1056 (8th Cir.2012) (citation omitted).

On November 22, 2005, Ag Spectrum and Elder entered into a contract entitled "Area Manager Independent Contractor Agreement" (the Agreement). The Agreement provides that, for three years following the Agreement's termination, Elder may not engage in any marketing, selling, or consulting activities similar to those activities provided by Ag Spectrum to Ag Spectrum's customers, business contacts, and business prospects (the non-compete clause). On August 31, 2012, Elder gave Ag Spectrum thirty days' notice that he was terminating the Agreement, effective September 30, 2012. Since the termination date, the Court accepts for purposes of the present motion that Elder has been selling products to Ag Spectrum customers contrary to the terms of the non-compete clause. At the time this action was filed, the term of the non-compete clause had nearly expired, and it has now expired.

On January 12, 2015, Ag Spectrum filed a Complaint against Elder asserting a claim for breach of the Agreement and requesting permanent injunctive relief. On July 28, 2015, Ag Spectrum filed an Amended Complaint, ECF No. 27, to add a request for an equitable extension of the duration of the Agreement's non-compete clause. On August 6, 2015, Elder filed the present Motion to Dismiss, ECF No. 29, as to the remedy sought in Part V of the Amended Complaint.

---

1. A collateral issue discussed at the hearing involved whether it would be useful to certify a question to the Iowa Supreme Court. The Court ultimately concurs with the parties that certification is not necessary.

## II. DISCUSSION

### A. Jurisdiction

Ag Spectrum is an Iowa corporation with its principal place of business in Clinton County, Iowa. Elder is a resident of the State of Kansas. Ag Spectrum alleges damages in excess of $75,000. Therefore, the diversity of citizenship and amount in controversy requirements of diversity jurisdiction have been satisfied, and this Court has original jurisdiction over Ag Spectrum's claims under 28 U.S.C. § 1332.

### B. Standard for Rule 12(b)(6) Motion

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A court must "review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation." Whitney v. Guys, Inc., 700 F.3d 1118, 1128 (8th Cir.2012) (citation and internal quotation marks omitted). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679, 129 S.Ct. 1937.

### C. Elder's Motion to Dismiss Ag Spectrum's Prayer for Relief

In Part III of the Amended Complaint, Ag Spectrum alleges Elder breached the Agreement's non-compete clause by entering into contractually prohibited competition with Ag Spectrum. In Parts IV and V, Ag Spectrum requests particular forms of relief for the alleged breach: permanent injunctive relief and an equitable extension of the non-compete clause's restraint period. Ag Spectrum's only asserted cause of action is for breach of contract. Elder moves not to dismiss Ag Spectrum's cause of action, but one of Ag Spectrum's requested forms of relief.

While a Rule 12(b)(6) motion lies if a plaintiff has not stated a claim upon which *any* relief can be granted, under the facts of this case, a Rule 12(b)(6) motion is not the appropriate vehicle for the dismissal of one of Ag Spectrum's prayers for relief, which "is not itself a part of the plaintiff's claim." Bontkowski v. Smith, 305 F.3d 757, 762 (7th Cir.2002). It is well-settled law that

> [t]he sufficiency of a pleading is tested by the Rule 8(a)(2) statement of the claim for relief and the demand for judgment is not considered part of the claim for that purpose, as numerous cases have held. Thus, the selection of an improper remedy in the Rule 8(a)(3) demand for relief will not be fatal to a party's pleading if the statement of the claim indicates the pleader may be entitled to relief of some other type.

Dingxi Longhai Dairy, Ltd. v. Becwood Tech. Grp. L.L.C., 635 F.3d 1106, 1108 (8th Cir.2011). (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1255 at 508-09 (3d ed. 2004)); see also Bontkowski, 305 F.3d at 762; Laird v. Integrated Resources, Inc., 897 F.2d 826, 841-42 (5th Cir.1990); Schoonover v. Schoonover, 172 F.2d 526, 530 (10th Cir.1949). Dismissing Ag Spectrum's prayer for relief is inappropriate at this stage

because the propriety of relief is inextricably intertwined with the merits of the underlying claim, since Iowa law permits courts to modify the terms of covenants not to compete. See, e.g., Ehlers v. Iowa Warehouse Co., 188 N.W.2d 368, 371 (Iowa 1971) (noting that Iowa law permits "the total or partial enforcement of noncompetitive agreements to the extent reasonable *under the circumstances*" (emphasis added) (citing Solari Indus., Inc. v. Malady, 55 N.J. 571, 264 A.2d 53, 61 (1970)).

Elder's argument that Ag Spectrum's prayer for relief is inequitable or inappropriate because Elder is an independent contractor does not dispute the legal sufficiency of Ag Spectrum's claim, and as such, it does not form the basis of a Rule 12(b)(6) motion to dismiss. Elder's argument is unavailing for the additional reason that the Court has broad discretion in fashioning relief to a prevailing plaintiff, including relief that was not included in the plaintiff's prayer. Fed. R. Civ. P. 54(c) (empowering federal trial courts to grant any relief to which the evidence shows a party is entitled, even if the party failed to request an appropriate remedy in the pleadings). Because a Rule 12(b)(6) motion for failure to state a claim is not applicable to Ag Spectrum's prayer for relief, Elder's Motion to Dismiss Count V of the Complaint must be denied.[2]

## III. CONCLUSION

For the reasons stated, Elder's Motion to Dismiss for failure to state a claim upon which relief can be granted, ECF No. 29, must be **denied.**

**IT IS SO ORDERED.**

---

**2.** The Court does not now decide the ultimate availability of the remedy sought in Part V of the Amended Complaint.