**WHEELER v. WHEELER.**

No. 21126.   Feb. 20, 1934.

Warren K. Snyder, for plaintiff in error.

Lillard, Wheeling & Gibbons, for defendant in error.

McNEILL, J. This appeal involves the judgment of the trial court in a divorce action as to the disposition of property accumulated by the joint industry of husband and wife during their marriage. Neither of the parties to the action is questioning the decree of divorce which was granted to the wife, the plaintiff in error herein, on account of the aggression of the husband. The trial court found that plaintiff in error was entitled to an absolute divorce, and that neither of the parties at the time of their marriage had any property; that since said marriage they had secured and procured the legal title to certain real estate in Oklahoma City; that they also procured jointly by contract an agreement to purchase, for a consideration of $7,500, about 40 acres near Nicoma Park, in Oklahoma City. The court also found that:

"Plaintiff and defendant after their marriage continued to live together and to work and co-ordinate together in the acquiring of property and the conducting of a business that defendant is still operating until about the month of July, 1928, at about which time disagreements and dissentions arose and plaintiff and defendant ceased to live and cohabit together as husband and wife, and about the time of the separation, plaintiff and defendant entered into an oral agreement in the nature of a division or settlement of property, and also plaintiff and defendant for their use and benefit executed a warranty deed to Pixie Mayes for the aforesaid 40 acres of land near Nicoma Park, which deed was duly recorded and at which time the said 40 acres was not as valuable as it now is on account of oil and gas being found in the neighborhood of said 40 acres; and the defendant was to and did retain the business and did retain one automobile of the value or equity of $1,000, which he has used in his business. And that after the agreement and the making of the deed aforesaid the defendant has sold an undivided half interest in said business at and for the price of and has received in cash $1,250, that the business is now being conducted in the partnership name which includes the defendant, and that the defendant and his partner have drawn from the business as earnings for each, the sum of $100 for each co-partner per month for the last nine or ten months. The court also finds that notwithstanding said agreement between plaintiff and defendant as above recited, the court is not bound by the same, and the court has power at this time to make an equitable division of the property in connection with the rendition of this judgment for divorce and does make the equitable division hereinafter following. The court further finds with relation to the said 40 acres that after the deed made by plaintiff and defendant to Pixie Mayes, that the said Pixie Mayes, by the direction of the plaintiff, did make and execute a royalty deed for oil and gas purposes on the undivided half or 20 acres of said 40 acres, at and for the price of $5,000, and that at that time the said sum of $5,000 was a fair and reasonable market value and price therefor; and that the said Pixie Mayes, by warranty deed, did thereafter convey title to all of said 40 acres to the plaintiff, which deed plaintiff has not yet placed on record. And the court further finds that an imperfect and defective oil and gas lease while the land was owned by American Investment Company was executed by Walter Paschall to Mr. Ramsey, and that Ramsey desired to perfect and cure the defects of and continue said lease and that the plaintiff and defendant executed a confirmatory agreement to and with said Ramsey for and in consideration of which the said Ramsey paid the plaintiff $1,000; that the plaintiff did not acquaint the defendant with the fact that she had received any money from the Sneed Royalty Company for the sale of 20 acres of royalty nor the fact that she had received $1,000 from Ramsey for the written consummation of the previously executed defective lease, and that the defendant did not know of the same until about the time he filed his answer and cross-petition herein; that the defendant did not receive any part of the $5,000 from the Sneed Royalty Company or the $1,000 received from said Ramsey, but that the last several months prior to this trial, about four months, the house on the 40 acres being unoccupied, the defendant rented the house and premises to the superintendent of the Mid-Kansas Oil & Gas Company, who occupied the same, for which the said superintendent paid rental to the defendant at the rate of $24 per month, and that he received $100, or slightly over, for said rent; that in addition thereto he received about $35 or $40 for the pasturage of dairy cattle on said 40 acres; and that the said defendant paid no part of said

receipts to the plaintiff, but retained the same. That of the money received from said Sneed Royalty Company and also from said Ramsey, plaintiff has used $4,100 to apply in making the monthly building and loan payments on the property in Oklahoma City and in reducing the amount of the mortgage or vendor's lien of American Investment Company, representing the purchase price of said 40 acres, and in paying for improvements made thereon, and for insurance written upon the dwelling house on said 40 acres, and paying the taxes. The court further finds at this time that the American Investment Company has a suit pending in the district court of Oklahoma county to foreclose said mortgage or vendor's lien, the aggregate amount of which is claimed to be due and unpaid, including a demanded attorney's fee of $500, is about $5,000, which said 40 acres is subject to the payment of said indebtedness. That the said city real estate has a building and loan mortgage on all of said property in the principal sum of $2,700, and there is a lien filed and foreclosed by the judgment of the district court which is now pending on appeal in the Supreme Court upon a plumber's claim for labor and material done in improving said city property in the sum of about $300 and costs; that the equity in said city property, over and above the balance due on the building and loan mortgage and the said lien is $1,000."

The plaintiff, being the plaintiff below, has appealed from the judgment of the trial court as to this division of property, contending that the court did not have the power to make its order disposing of the aforesaid property acquired by plaintiff and defendant jointly during their marriage, which was contrary to an agreement which they had made in settlement of their property rights.

It appears to be the contention of plaintiff in error that she should have had all the property which had been jointly acquired save and except the interest in the business which the defendant retained and the automobile; and that the purported or alleged property settlement which the plaintiff contends the parties had entered into was binding upon the court.

The trial court in a divorce proceeding may adopt a property settlement entered into between the husband and wife, but it is not bound to do so. It is the duty of the trial court to make such a division of their property, real or personal, as shall have been acquired by them jointly during their marriage, whether title thereto be in either or both of said parties, as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper so as to effect a fair and just division thereof. Section 508, C, O. S, 1921 (O. S. 1931, sec. 672). See, also, Thompson v. Thompson, 70 Okla. 207, 173 P. 1037; Chamberlain v. Chamberlain, 121 Okla. 145, 247 P. 684; Hatchett v. Hatchett, 89 Okla. 176, 214 P. 929; Tobin v. Tobin, 89 Okla. 12, 213 P. 884; Clark v. Clark, 143 Okla. 91, 287 P. 721; Dresser v. Dresser, 164 Okla. 94, 22 P. (2d) 1012.

Under our statute the court is directed to divide the real and personal property jointly acquired during coverture.

The rule stated in 2 Nelson on Divorce and Separation, under Division and Restoration of Property, section 964, regarding enforcing an agreement to convey title, is as follows:

"The court is not bound by the agreement of the parties and may make an additional allowance to the wife, especially where the custody of the children is awarded to her. * * *"

Section 965:

"How the property is divided. The statutes generally leave this question to the discretion of the court. And this is the only method by which the rights and merits of the parties can be considered, and justice tempered with mercy. * * * But while the statutes do not give the courts any latitude as to the causes for divorce, when the property rights are to be determined, the courts are free to consider all the conduct of the parties, their industry, their earnings, and the amounts they have contributed to the common fund, and in view of all the circumstances to give each party what is just and equitable. Long experience has established the wisdom of trusting this distribution of the property to the courts, and demonstrated the folly of presenting fixed rules for this purpose. * * *"

The text also announces, page 929:

"The sound theory upon which the court should proceed in dividing the property after divorce is to compensate the wife for the wrong inflicted upon her by the cause for divorce, to compensate her for the loss of dower, and the interest in the common property, as well as to provide in part for her future support.

"In dividing the property the conduct of each party will have some influence with the court. * * *"

Also, page 915:

"The court is not bound by the agreement relating to alimony; and if the amount is not considered sufficient, an additional allowance may be made, or the agreement may be ignored and an adequate allowance made for the wife."

Counsel for plaintiff in error cites cases from other jurisdictions to the effect that property settlements entered into between husband and wife are valid, and in support of this contention cites sections 6609, 6610, 6611, 6612, 6613, and 6619, C. O. S. 1921 [O. S. 1931, secs. 1655-1659, 1665], and contends that the courts will not set aside such contracts unless it appears that there has been an overreaching as to amount to fraud.

Divorce proceedings are equitable. An absolute divorce and disposition of the property rights constitute the remedy afforded by law for the dissolution of the marital relations.

In the case of Ex parte Weiler, 289 P. 645, the District Court of Appeals, First District, Division 2, California, considered a written agreement entered into between the husband and wife settling their property rights. That court said:

" * * * The divorce court has full power to examine the contract and to examine into all the facts surrounding its execution and to accept or reject it in whole or in part, according to the law and the facts. Roberts v. Roberts (83 Cal. App. 345, 351, 256 P. 826). The force of the agreement depended on the sanction of the divorce court. Loveren v. Loveren, 106 Cal. 509, 513, 39 P. 801."

In the case of Roberts v. Roberts, cited in the Weiler Case, supra, it was said:

"But it is also the law that either husband or wife may enter into any agreement or transaction with the other respecting property which either might if unmarried (Civ. Code, sec. 158); and, therefore, if after scrutinizing the agreement entered into between them for the settlement of their property rights and the circumstances under which it was made, the trial court ascertains and determines that the same is free from the illegal objects and influences above mentioned, it may affirm the agreement (McCahan v. McCahan, supra), and the force given thereto derives its sanction from the decree made by the court with a knowledge of the facts. (Loveren v. Loveren, 106 Cal. 509, 39 P. 801.)"

It appears that the husband and wife may sustain contractual relations relating to their property rights without regard to divorcement proceedings, but they cannot enter into an agreement against public policy to enforce an agreement that a divorce shall be granted. However, when a husband and wife enter into an agreement, fair and just, free from fraud, coercion, or undue influence, and they present the same for sanction to a court of equity in settlement and a disposition of their property rights in event a divorce is granted to either of the parties, the court in every case should scrutinize such a transaction very closely to ascertain whether the same was fairly entered into, and whether or not the same is reasonable, just, and fair to the parties to the agreement. The court in the exercise of its chancery powers and the mandatory statutory duty must look beyond the terms of the agreement to ascertain all the facts and attending circumstances surrounding its execution and consider the relation of the parties at the time of the trial, their ages, needs, health, financial conditions, opportunities to provide for themselves, and the part each performed in acquiring the contributing to the joint estate, in order that the court may make such a division of the property jointly acquired during their marital relation as may appear just and reasonable. If a property settlement presented for approval of a court in a divorce proceeding meets all equitable and statutory requirements, then there is no reason why the trial court should not approve the agreement entered into between the husband and wife, for in doing so justice is administered. However, if the trial court is of the opinion that such a division of the jointly acquired property does not appear reasonable, just, and fair, it becomes his duty to reject and disapprove said contract in whole or in part, and to make a just, fair, and reasonable division between the parties respecting their jointly acquired property. A property settlement entered into between husband and wife without regard to a divorce is unquestionably valid and enforceable in the absence of fraud, duress, coercion, and undue influence, but when the same is presented affirmatively or defensively in a divorce proceeding for the sanction of the trial court, the trial court is not required to follow the same in whole or in part, if, in its opinion, the same is not fair and just, viewed from all the facts and circumstances, including the conditions as they appear at the time of the trial. See Moog v. Moog, 203 Cal. 406, 264 P. 490.

In the instant case the trial court found that an oral contract had been entered into between the parties. An issue as to this fact was definitely made by the pleadings. The evidence was conflicting. We cannot say

from a review of this evidence that such a finding is against the clear weight of the evidence. The trial court properly applied the law, that it was not bound by the agreement which it found had been entered into between the parties. Plaintiff does not urge that she revealed all the facts and circumstances to her husband relative to the amount she had received from the sale of the oil royalties, amounting to about $6,000, as found by the trial court. It seems to be the contention of plaintiff that the trial court was rigidly bound by the contract and must give it effect, and was not authorized to divide the jointly acquired property inconsistent with the provisions of the contract.

We have weighed the evidence. We cannot say that the judgment of the trial court is against the clear weight of the evidence, and that the judgment in dividing the property was not fair, just, and equitable.

The judgment is affirmed.

RILEY, C. J., and SWINDALL, OSBORN, and BUSBY, JJ., concur. ANDREWS and BAYLESS, JJ., dissent. CULLISON, V. C. J., and WELCH, J., absent.