**Darrell A. SEELIG, Plaintiff in Error,**

v.

**Phyllis A. SEELIG, Defendant in Error.**

**No. 42653.**

Supreme Court of Oklahoma.

Oct. 14, 1969.

Rehearing Denied Nov. 12, 1969.

John W. Taber, Chandler, for plaintiff in error.

Fitzgerald, Houston & Worthington, by Clee Fitzgerald, Stillwater, for defendant in error.

HODGES, Justice.

Plaintiff husband filed his divorce petition seeking a just and equitable division of property jointly acquired, custody of the children be awarded to defendant and a reasonable amount of child support be awarded. Parties prior to the filing of the petition had entered into an agreement providing for a division of the jointly acquired property, alimony and child support. Plaintiff filed a motion to have this agreement set aside for the reasons that it was unjust and inequitable, defendant had misled him as to the amount of his income, and that he had forgotten an $8,000.00 savings account and a ¼th interest in an oil well that was valued at approximately $1,000.00.

The trial court awarded a divorce to the defendant wife and property division, alimony and child support in accord with the agreement entered into by the parties with slight modification. Plaintiff appeals.

Plaintiff bases his appeal on the inequitable division of the jointly acquired property, the excessive amount of alimony awarded and the approval of the agreement with slight modification by the trial court. He asserts that the trial court should not be bound by the agreement, that the alimony of $620.00 per month for 15 years was awarded as a penalty and that awarding defendant property of some $125,000.00 value of a total value of some $142,000.00 of all the jointly acquired property is unjust and inequitable.

Plaintiff points out that the court's award of a total of some $236,958.00 of property and alimony exceeds the total amount of jointly acquired property valued at some $142,000.00 and that this court has never

allowed such an excessive award to stand. Plaintiff does not cite any cases to substantiate his proposition of law but merely cites those cases where the amount awarded is less than that of the jointly acquired property.

Plaintiff's argument must be considered along with the rule announced in the case of Tobin v. Tobin, 89 Okl. 12, 213 P. 884. There we said, "circumstances may arise under which, when the court, under this provision of the statute, is called upon to divide the jointly acquired property, that the wife might be entitled to a large per cent of the accumulations, or much in excess of one-half." Further, the award of alimony should be examined in light of the rule announced in the case of Hill v. Hill, 197 Okl. 697, 174 P.2d 232. There we said, "We have repeatedly held that the allowance of permanent alimony rests in the sound discretion of the trial court to be exercised in view of the husband's estate and ability, wife's condition and means, and the conduct of the parties, and that same will not be disturbed on appeal unless clearly against the weight of the evidence."

In accordance with the tests set out in the two above cited cases it is incumbent upon us to examine the evidence.

Parties married in 1944 while he was in service and she was in college. He sent her an allotment which she saved along with money she earned to meet expenses when he would go to college after his release from service. Upon his discharge from the service plaintiff attended Oklahoma A. & M. College for a period of three years. She worked and they lived in the home of her parents rent free receiving rent from one of the other rooms in the house to help defray expenses. In return he did odd jobs around the house. Upon his acceptance into medical school the parties moved into a duplex bought by her father, where they lived in one side rent free and was allowed to keep the rent from the other side in exchange for his performing maintenance and paying the taxes. After five years of medical school and internship, plaintiff entered private

practice in defendant's father's clinic, again rent free, with the exception that he helped pay the taxes on the property.

Defendant worked in the clinic at various times performing different tasks. She also kept the books for the clinic and did the laundry up until the time of the divorce. At the time of the divorce plaintiff was 43 years of age and defendant 41. Four children had been born of this union ranging in ages from 6 to 19.

Included in the amount of $125,000.00 property awarded defendant was a farm valued at $24,000.00, which was purchased by the parties and the defendant's father each paying one-half. The father of the defendant had conveyed his interest to her some time prior to the divorce reserving unto himself a life estate.

The evidence further discloses that the agreement entered into by the parties prior to the divorce was drawn up by the attorney who represented plaintiff during the trial and was done at the instance or acquiescence of the plaintiff with the agreement of the defendant, who if represented at all in preparing the agreement was represented by the plaintiff's lawyer. Now plaintiff comes to this court saying that his wife took advantage of him in that she misrepresented his income to him and he forgot an $8,000.00 savings account and a $1,000.00 interest in an oil well. The evidence does not substantiate plaintiff's claim as the trial judge found in approving the agreement. The $8,000.00 savings account was included in the agreement plaintiff signed and the court awarded him the $1,000.00 oil well interest. Also, his complaint that his wife misrepresented to him his net income is without merit. The plaintiff signed his income tax returns and knew or should have known, what was in them. His net income before taxes in 1965 was $31,531.25. In 1966 his tax return disclosed that his net income before taxes had increased to $34,914.96. We find no evidence in the record supporting plaintiff's claim of misrepresentation.

Plaintiff's contention that the division of the jointly acquired property is

inequitable is unfounded in light of the evidence and the actions of the parties. In an action of equitable cognizance this court will examine the record and weigh the evidence, but it will not disturb the judgment of the trial court unless it is found to be clearly contrary to the weight of the evidence. Jupe v. Jupe, 198 Okl. 100, 175 P.2d 976; DuBoise v. DuBoise, Okl., 418 P.2d 924; Blue v. Blue, Okl., 441 P.2d 970. In the Jupe case this court said, "On granting divorce to either husband or wife the trial court is required to make a just, fair and equitable division of the property acquired jointly during marriage, and in so doing the court is not required to divide the property equally between the parties, but is given wide latitude in determining what part of jointly accumulated properties shall be given each of the parties."

■■ In approving the alimony awarded by the court below we find no cases that hold to plaintiff's theory regarding the total amount awarded exceeding the amount of jointly acquired property. It is well established in this state that in awarding alimony the court may not only take into consideration the estate of the husband but also his earning capacity. Mathews v. Mathews, 186 Okl. 245, 96 P.2d 1054, 139 A.L.R. 202; Henley v. Henley, Okl., 428 P.2d 258. The doctor made $31,500.00 in 1965 and approximately $35,000.00 in 1966. He is 43 years of age. His most productive years lie ahead of him. We cannot say that the trial court's decision is clearly against the weight of the evidence. Plaintiff's contention that the amount of alimony awarded is a penalty as it is far in excess of the necessary living expenses is not substantiated by the evidence.

■ Plaintiff cites many cases holding that the trial court is not bound by a property agreement in its decision of awarding property and alimony. With this proposition we are in accord, but these cases also hold that if the agreement is just and equitable the trial court may ap-

prove it and include it in the judgment. In considering the agreement, the court in determining whether it is just and reasonable, must also look beyond the terms of the agreement and consider the relation of the parties at the time of trial, their ages, health, financial conditions, opportunities, and contribution of each to joint estate. Wheeler v. Wheeler, 167 Okl. 598, 32 P.2d 305; Limb v. Limb, 195 Okl. 249, 156 P.2d 1013. There is sufficient evidence upon which the trial court based its decision.

Plaintiff sought this divorce and upon the advise or participation of his attorney drew up a property, alimony, and child support agreement in his attorney's office; he knew what his income was, or should have known; he was assisted in his opportunity to study and to practice medicine in part by his wife and her father. He now complains that what he himself proposed or agreed to is unfair and inequitable to him. The trial judge found that plaintiff's proposal was equitable. His decision is not clearly contrary to the weight of the evidence.

Judgment affirmed.

All Justices concur.