Mary Ashley ACKER, Appellee,

v.

John Frances Ferguson ACKER,
Appellant.

No. 49874.

Supreme Court of Oklahoma.

May 15, 1979.

Edward L. Ray, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for appellant.

Owen D. Wilson, Wilson & Wilson, Enid, for appellee.

IRWIN, Vice Chief Justice.

The issue presented is whether the appellant (husband) is entitled to termination of support alimony payments under 12 O.S. 1971, § 1289(b)[1] because of the remarriage of appellee (wife). The trial court denied husband's application for termination, and he appealed.

On July 17, 1975, husband and wife entered into a written "Property Settlement Agreement" in contemplation of a divorce. This agreement, inter alia, provided that husband pay to wife "as and for temporary support, the sum of $13,200.00 payable at the rate of $550.00 * * * per month for a period of 24 months and until such time as (wife) should die or remarry, whichever should occur first * * *." Also, the agreement contained a proviso that hus-

---

1. 12 O.S.1971, § 1289(b) provides:

In any divorce decree entered after December 31, 1967, which provides for periodic alimony payments, the court, at the time of entering the original decree, only, may designate all or a portion of each such payment as support, and all or a portion of such payment as a payment pertaining to a division of property. Upon the death of the recipient, the payments for support, if not already accrued, shall terminate, but the payments pertaining to a division of property shall continue until completed; and the decree shall so specify. The payments pertaining to a division of property shall be irrevocable. Upon the presentation of proper proof of death of such recipient, the court shall order the judgment for support to be terminated, and the lien thereof released unless a proper claim shall be made for any past due support payments by any executor, administrator or heir within ninety (90) days from the date of death of the recipient. The court shall also provide in the divorce decree that any such support payments shall terminate after remarriage of the recipient, unless the recipient can make a proper showing that said support is still needed and that circumstances have not rendered payment of the same inequitable; provided, however, that unless the recipient shall commence an action for such determination within ninety (90) days of the date of such remarriage, the court shall, upon proper application, order the support judgment terminated and the lien thereof discharged.

band would pay $252.50 per month for the support of the parties' two minor children. Husband subsequently filed a "Waiver and Entry of Appearance" authorizing the trial court to hear the case without further notice to him and in his absence.

On August 8, 1975, the decree of divorce was granted. The proposed divorce decree as first presented to the trial court that day contained identical provisions in reference to child support, support alimony, and termination of alimony, as contained in the property settlement agreement. However, the divorce decree as presented was modified in two respects before being approved by the trial court. A line was drawn through the figure $252.50, which was the total child support payment per month, and $404.00 was inserted in lieu thereof. Also, in reference to the termination of alimony for support payments, a line was drawn through the words "until said sum is paid or until such time as (wife) should die or remarry, whichever occurs first." No changes were made in the property settlement agreement and the divorce decree, as entered, recited that "the Property Settlement Agreement of the parties is hereby approved", and it Ordered and Decreed that "the Property Settlement Agreement of the parties, duly executed and filed herein, should be and the same is hereby approved and incorporated in this Decree of Divorce as fully as if the same were set out herein word for word." The divorce decree and agreement were filed at the same time.

The facts surrounding the modification of the divorce decree as first presented are briefly summarized. Husband was not present when wife and her counsel first appeared before the trial court in the divorce proceeding on August 8, 1975. However, it is evident the trial judge was not inclined to approve the divorce decree with the proviso that the support alimony payments would terminate upon the remarriage of wife and believed the total child support payment per month should be $404.00 instead of $252.50. Wife's counsel was directed to summon husband into court. Husband, who was in the military service and was leaving the next day for a new assignment overseas, appeared in the afternoon without counsel. The proposed changes were explained to him; he said he was leaving the next day, wanted to get it over, and was willing to accept the decision of the trial court. The extent of the explanation given to husband is not shown.

On assignment to the Court of Appeals, Division No. 2, the judgment of the trial court was reversed and remanded with directions to enter an order terminating the support payments. The Court of Appeals decision is premised on the theory that since the parties' property settlement agreement was in conformity with section 1289(b), "the action of the trial judge in refusing to sign the decree unless the termination provision was stricken is an invalid act and is void as a matter of law." Wife seeks certiorari.

Wife attempts to bring this case within the rationale set forth in *Perry v. Perry*, Okl., 551 P.2d 256 (1976); and *Stuart v. Stuart*, Okl., 555 P.2d 611 (1976). In *Stuart*, we held that the provisions of section 1289(b) are not mandatory as to termination of support alimony payments where it is a consent decree and it was the intent of the parties, in their agreement and in the decree incorporating that agreement, that payments not terminate on death or remarriage of the wife. In *Perry* we held that where a husband and wife, in contemplation of a divorce, enter into an agreement concerning the termination of alimony for support, and that agreement is subsequently incorporated into the divorce decree, they waive those rights granted them under section 1289(b), supra, which are inconsistent with the terms of the decree. In *Shea v. Shea*, Okl., 537 P.2d 417 (1975), we held that periodic alimony payments do not terminate upon remarriage of the recipient unless the original decree designates such payments as being for support, or expressly provides such payments are to terminate upon remarriage of the recipient. The property settlement agreement in the case at bar originally, and as approved and incorporated into the decree of divorce, contained a specific proviso that the support alimony payments would terminate upon the remarriage of wife.

Ordinarily, a settlement agreement entered into in contemplation of divorce is not binding on the trial court in the divorce proceeding, and it has the authority to approve, modify, or totally reject such agreement. *Campanello v. Mason*, Okl., 571 P.2d 449 (1977). However, when the property settlement agreement was approved and incorporated in the decree, the rights of the parties under the agreement merged into the decree. The agreement was extinguished and the rights of the parties were no longer contractual but became determinable and enforceable based upon the judgment and decree. *Hicks v. Hicks*, Okl., 417 P.2d 830 (1966); and *Mills v. Mills*, Okl., 512 P.2d 143 (1973). The provision in the agreement that support alimony payments would terminate upon the remarriage of wife, being incorporated in the divorce decree, was merged into the decree and is controlling.

Under 12 O.S.1971, § 1289(b) there are two types of alimony; alimony for support, and alimony pertaining to a division of property. Unless the parties agree that alimony for support will not terminate after the remarriage of the recipient (See *Perry* and *Stuart*, supra) a trial court commits reversible error in ordering support alimony will not terminate. An order of the trial court decreeing that alimony for support will not terminate after the remarriage of the recipient without the agreement or consent of the parties is voidable but not void on the face of the judgment roll. See *Lowery v. Semke*, Okl., 571 P.2d 858 (1977).

We can only conclude that under the terms of the divorce decree, into which was merged the property settlement agreement, the alimony for support terminated upon the remarriage of wife.

Wife contends that husband, having failed to appeal from the entry of the divorce decree, may not collaterally attack that judgment by his application to termi-nate support payments. Husband had no reason to appeal the decree of divorce and is not attempting to collaterally attack the divorce decree but to uphold it. Husband is seeking a construction of the judgment and enforcement of his rights pursuant to its terms. Under the property settlement agreement which was merged with the divorce decree, payments terminated upon the remarriage of the wife. Rights of the parties must be determined from the divorce decree and the property settlement agreement incorporated therein. Although wife has not attempted to collaterally attack the decree, she is attempting to enforce rights which are inconsistent with the decree.

Another issue presented relates to the 90 day proviso in Section 1289(b) in which a recipient of alimony support payments may make an application for the continuance of the payments after remarriage on the grounds the support is still needed and circumstances have not rendered their payment inequitable. Wife argues that since the divorce decree did not recite that the support alimony terminated upon death or remarriage, she did not have notice of the termination, and application of the 90 day rule would be inequitable. Wife argues that if the judgment of the trial court should be reversed that she should have 90 days within which to file her application for continuation of the support payments.

In construing Section 1289(b), we notice that in the body of the enactment that support payments terminate *upon* the death of the recipient, or *after* the remarriage of the recipient. However, in the title of the enactment (1968 Session Laws, Ch. 161) obligations to make support payments terminate *upon* death or remarriage of former spouse receiving the support.[2] Since the language in the title is controlling [*Caywood v. Caywood*, Okl., 541 P.2d 188 (1975)] we must construe Section 1289(b) as fol-

---

**2.** The 1968 act amended 12 O.S.1967 Supp. § 1289(b). The 1967 and 1968 enactments contain identical language in reference to termination of support payments after remarriage of the recipient. The title to the 1967 enactment provides "for termination of obligation to pay support upon remarriage of person receiving the support except under certain circumstances." 1967 Session Laws, Ch. 328.

lows: Support shall terminate upon the remarriage of the recipient unless recipient shall commence an action within 90 days from the date of marriage for a determination that the support payments are still needed and that circumstances have not rendered payment of the same inequitable. The 90 day proviso may not be construed as extending the time of termination until the court determines whether or not the recipient is entitled to a continuation of the payments.

It is evident in the case at bar that wife did not commence an action for continuation of the support payments because she believed the support payments would continue after her remarriage under the terms of the divorce decree. As herein explained, wife must have misconstrued the decree because under the terms the support payments terminated upon her remarriage. There is no evidence whatsoever tending to establish that husband in any way misled the wife or was responsible for her failure to make application for continuance of the payments within the 90 day period. Husband relied upon wife's remarriage for termination of the support payments and under the terms of the divorce decree and property settlement agreement incorporated therein, the support payments terminated upon her remarriage. Wife is not entitled to an extension of the 90 day period in which to make application for a continuance of the payments.

CERTIORARI GRANTED; COURT OF APPEALS DECISION VACATED; JUDGMENT OF THE TRIAL COURT REVERSED AND REMANDED WITH DIRECTION TO ENTER JUDGMENT FOR HUSBAND TERMINATING THE ALIMONY SUPPORT PAYMENTS.

LAVENDER, C. J., and WILLIAMS, BARNES, HARGRAVE, and OPALA, JJ., concur.

SIMMS, J., concurs in part and dissents in part.

DOOLIN, J., dissents.