**Janice C. HICKMAN, Appellant,**

v.

**French E. HICKMAN, Appellee.**

No. 85300.

Supreme Court of Oklahoma.

April 15, 1997.

Arnold Fagin, Michael L. Mullins,, R. Amanda McInnis–Nixon Fagin, Fagin, Nixon & Mullins, P.C., Oklahoma City, for Appellant.

Phillip Horning, Carrie Hulett, Cydney Campbell, Horning, Johnson, Grove, Moore, Hulett & Thompson, Oklahoma City, for Appellee.

HODGES, Justice.

The issue in this appeal is whether, in a divorce action, a contingent tax liability, which was inadvertently omitted from the agreement of the parties dividing the property, should be equally shared by the husband and wife. We find that both the husband and wife should equally share the liability.

## I. Facts

On November 2, 1993, Janice C. Hickman (wife) filed an action for divorce from her husband, French E. Hickman. On July 29, 1994, both the husband and wife and their attorneys were sent a letter notifying them that the Internal Revenue Service (IRS) was auditing the parties personal tax returns for 1991 and 1992.

The divorce proceeding came on for trial on August 4, 1994, at which time the parties announced that they had settled the property distribution. At the beginning of the hearing, wife's counsel requested that the settlement not be filed of record but that the trial judge approve the agreement once it was in writing. He also requested that the agreement be incorporated into a short form decree.

At the hearing, the wife's counsel outlined the property division in detail. Several times the attorney noted that the husband would be responsible for contingent liabilities not specifically addressed in the agreement. He directly addressed the 1993 tax return and noted that the division of the refund or liability would be equally shared by the parties. He also noted that the accrued ad valorem taxes as of August 31, 1994, would be the equally shared and, thereafter, each party would be responsible for the taxes on the real estate awarded to each of them. No mention was made at the hearing of the possible tax liability resulting from the audit by the IRS. At the end of the hearing, the

trial judge, the Honorable Charles Humble, granted the divorce decree but did not approve the settlement agreement as orally outlined.

After what appears to be considerable negotiation over the details of the written agreement, both parties signed the Agreement Incident to Divorce in October, 1994. The complex agreement stated that the husband would assume four itemized debts, holding the wife harmless therefrom. Also the husband would assume ten specified contingent liabilities, holding the wife harmless therefrom. The agreement also specified that the husband would have the income tax returns for the year 1993 prepared at his expense. The parties would split any refund equally and, likewise, jointly assume responsibility for any tax liability for income taxes for 1993. The agreement also detailed the division of ad valorem tax liability and limited the wife's share of the 1993 income tax liability and 1994 ad valorem tax liability accrued before August 31, 1994, to $37,500. The written agreement also provided that "there [were] no representations, promises, warranties or covenants other than those expressly set forth [therein]." There was no mention of the possible tax liability resulting from the audit of the 1991 and 1992 income tax returns. By the end of October, 1994, both parties had signed the agreement although the decree was not filed until January 17, 1995.

After the parties signed the settlement and before the decree was filed, the husband attempted to settle the matter of the liability resulting from the audit of the 1991 and 1992 tax returns. After the settlement attempts failed, the husband filed a motion to settle journal entry on November 29, 1994. In the motion the husband asked the court to divide the liability resulting from the audit equally between the husband and wife and award him attorney fees and costs. After a hearing on the matter, the trial court entered an order granting the husband's request. In addition the trial judge ordered the husband to pay the costs of the accountant and the parties to split the costs of the attorney fees in connection with the audit unless the wife wanted separate counsel, in which case the

parties would bear the costs for their own attorneys. The trial court also awarded the husband $2,000 in attorney fees for matters incurred before the trial court as a result of the omission from the decree of the tax liability resulting from the audit.

The wife appealed arguing that the trial court improperly modified the consent divorce decree, improperly ordered her to pay one-half of the attorney fees connected with the audit, and improperly awarded the husband attorney fees for the trial court proceedings adjudicating the omitted terms. The Court of Civil Appeals affirmed. This Court granted certiorari.

The wife takes the position that the settlement agreement was final and approved at the hearing on August 4, 1994. The trial court and the Court of Civil Appeals disagreed with the wife. We agree with the trial court and the Court of Civil Appeals that the agreement was not approved until submitted in writing to the trial judge. There is nothing in the record which supports the wife's position. The transcript of the proceedings on August 4, 1994, shows that the trial court granted the parties a divorce and that the parties would submit, at a later date, a written agreement to the judge for his approval. The trial judge did not approve any of the settlement terms until the written agreement was submitted to him.

## II. The Settlement Agreement

The written settlement agreement is extremely detailed and complex. Even so it fails to address any liability which might result from the audit of the 1991 and 1992 tax returns.

An unambiguous agreement dividing the property between the parties to a divorce cannot be modified without consent of both parties. *Stuart v. Stuart,* 555 P.2d 611, 615 (Okla.1976). However, when assets acquired during coverture are omitted from the court's decree providing for the division of property, even when the division of the property was reached by agreement of the parties, the property is owned by the party in which title was vested before the divorce. *Chapman v. Chapman,* 692 P.2d 1369, 1374

(Okla.1984). We see no reason to treat the debts of the parties any differently than the assets. When a debt is omitted from the divorce decree, then the liability for the debt remains unchanged. *See id.* In this case, the audited 1991 and 1992 tax returns were joint returns and joint liabilities and remained joint liabilities after the divorce decree.

■ The wife argues that the oral representations made by her attorney at the August 4, 1994, hearing should be considered. The wife's argument must fail by the terms of the agreement and by operation of law. The agreement expressly provides that "there are no representations, promises, warranties or covenants other than those expressly set forth" in the agreement, eliminating reliance on any oral promises. Further, by operation of law, oral representations are merged into the written agreement, and an agreement is not enforceable until affirmative approval by the court. *Dickason v. Dickason,* 607 P.2d 674, 677 (Okla.1980). In this case, the record shows that the trial judge did not approve any oral representations regarding tax liability resulting from the audit. He approved the written agreement after it was presented to him. Division of the tax liability resulting from the audit of the 1991 and 1992 returns was omitted from the written agreement.

The trial court correctly determined that the liability resulting from the tax audit was omitted from the settlement agreement. In accordance with *Chapman,* the trial court correctly accorded one-half of the taxes, penalties, and interest resulting from the audit to each of the parties.

### III. Attorney fees for the audit

■ The trial court order the husband to pay the CPA costs incurred as a result of the audit. He also ordered the attorney fees for the audit to be divided equally unless the wife chose to be represented by her own counsel. Like the contingent liability resulting from the tax audit, the penalties, interest, and professional fees incurred in defending against the audit are joint obligations. These joint obligations were omitted from the settlement. For the reasons stated in part II, the trial judge did not abuse his discretion in ordering the parties to share equally the attorney fees incurred in defending the audit.

### IV. Attorney fees related to post-decree action

The trial court awarded the husband $2,000 in attorney fees related to the omitted issues of joint liability resulting from the tax audit and related professional expenses in defending the audit. Title 43, section 110(C) of the Oklahoma Statutes allows the trial judge to apportion the expenses in a just and proper manner. *Thielenhaus v. Thielenhaus,* 890 P.2d 925, 935 (Okla.1995), teaches that attorney fees must be awarded to the party "who qualifies for the benefit through the process of a judicial balancing of the equities."

The wife asserts that the trial judge used the "prevailing party" standard in awarding the $2,000 in attorney fees. There is nothing in the record which supports this position. Likewise the record is void of any evidence that suggests the trial court did not balance the equities or that he abused his discretion.

### V. Appeal-related attorney fees

■ The wife requests appeal-related attorney fees. As with attorney fees incurred in the lower court in divorce proceedings, an award of appeal-related attorney fees is subject to "a judicial balancing of the equities." *Id.* The record shows that the parties received almost equal shares of the martial estate which was substantial. After careful review of the appellate record and consideration of the equities involved, the wife's motion for appeal-related attorney fees is denied. Each party should bear its own appeal-related attorney fees and expenses.

### VI. Conclusion

The trial judge did not abuse his discretion (1) in determining any resulting liability from the audit of the joint 1991 and 1992 tax returns should be shared equally by the husband and wife, (2) in determining that the attorney fees incurred in defending the audit

should be shared equally unless the wife chose to use her own attorney, and (3) in ordering the wife to pay $2,000 in attorney fees incurred by the husband in litigating the omitted contingent tax liability resulting from the audit. Lastly, wife's motion for appeal-related attorney fees is denied. Opinion of the Court of Civil Appeals is vacated. Trial court is affirmed.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF COURT OF CIVIL APPEALS VACATED; TRIAL COURT'S JUDGMENT AFFIRMED; MOTION FOR APPEAL–RELATED ATTORNEY FEES DENIED.

All Justices concur.