2000 OK CIV APP 87

**Walter Eugene ADAMS, Plaintiff/Appellee,**

v.

**Lela Shellene ADAMS, Defendant/Appellant.**

No. 92,832.

Court of Civil Appeals of Oklahoma, Division No. 1.

June 9, 2000.

Tim Crowley, Crowley, Pickens & Martin, Enid, Oklahoma, For Appellant.

Terri K. Blakley, Blakely Law Firm, Enid, Oklahoma, For Appellee.

### *OPINION*

GARRETT, Judge:

¶ 1 Walter Eugene Adams, Plaintiff/Appellee, and Lela Shellene Adams, Defendant/Appellant, were married for approximately five years when they decided to divorce. At the time of their marriage, Walter was a farmer and rancher and Lela was a secretary for the local school system. She quit working outside the home after the marriage.

¶ 2 Soon after the petition for divorce was filed, a request to set pre-trial was filed and the pre-trial was held. However, prior to trial, the parties submitted themselves to mediation. After an all day meeting, Lela and Walter signed a document which dis-

posed of property. Soon afterward, Lela informed Walter she did not want to abide by the property disposition as set out in the agreement. She contended she had been a victim of undue influence in the signing of the agreement and that its terms were unfair. Walter filed a motion to enforce the agreement and to settle a journal entry of judgment based thereon. The court entered an order finding the agreement to be a legally binding contract reached by mediation. The court entered a decree of divorce and based the property settlement portion thereof on the agreement.

¶ 3 Lela filed a motion for new trial. She contended: the agreement had been obtained through fraud, duress, undue influence or mistake; the court did not determine that the agreement was fair and equitable; Walter had rescinded the agreement because he had violated its terms; and, Walter had not been fair dealing. The court overruled Lela's motion for new trial. She appeals.

¶ 4 In a divorce case the court has the duty to divide the property, whether real or personal, which has been jointly acquired during their marriage, in a manner "as may appear just and reasonable". 43 O.S. Supp. 1992 § 121. The court may allow alimony to either spouse, out of the separate property of the other, in an amount which "the court shall think reasonable". Section 121 provides:

> When a divorce is granted, the wife shall be restored to her maiden or former name if she so desires. The court shall enter its decree confirming in each spouse the property owned by him or her before marriage and the undisposed of property acquired after marriage by him or her in his or her own rights. Either spouse may be allowed such alimony out of real and personal property of the other as the court shall think reasonable, having due regard to the value of such property at the time of the divorce. Alimony may be allowed from real or personal property, or both, or in the form of money judgment, payable either in gross or in installments, as the court may deem just and equitable. As to such property, whether real or personal, which has been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall, subject to a valid antenuptial contract in writing, make such division between the parties as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to be paid such sum as may be just and proper to effect a fair and just division thereof. The court may set apart a portion of the separate estate of a spouse to the other spouse for the support of the children of the marriage where custody resides with that spouse.

¶ 5 Obviously, the parties to a divorce case may attempt to negotiate a settlement of their affairs. If they do that, reach a mutual agreement, and present it to the court, its terms and conditions may be considered by the court. However, such an agreement is not binding on the court. *Acker v. Acker*, 1979 OK 67, 594 P.2d 1216, *Seelig v. Seelig*, 1969 OK 160, 460 P.2d 433. In *Dickason v. Dickason*, 1980 OK 24, 607 P.2d 674, the court held that a settlement agreement is not enforceable, absent its approval by the court. It shall not be approved unless it is fair, just and reasonable.

¶ 6 The record reveals that the trial court erred by holding that the settlement agreement was a binding and enforceable contract. The court approved the agreement and incorporated it in the judgment because he failed to find fraud and the parties agreed to it.

¶ 7 On remand, the trial court shall receive evidence relating to the financial situation of the parties. Fairness in the negotiation must include disclosure by both parties of all matters relating to age, health, opportunities and contributions of both parties, existence of all assets and their location. Here, the fact that the wife discontinued her employment and presumably dedicated herself to the marriage and its activities, is a point to be considered. This recital is not an attempt to list all admissible facts and circumstances. We are pointing out that in most cases the elements of "fair and reasonable" include more factors than a simple recital of properties and debts.

¶ 8 The court may approve or disapprove all or a part of the settlement agreement. It may be modified in order to make it just and reasonable. The parties may not enter a judgment. Only the court has the power to adjudicate. Only that portion of the parties agreement which is incorporated in and made a part of the divorce judgment by the court is enforceable.

¶ 9 Appellant requests the order of this court for appellate attorney fees. The request is granted. On remand, the trial court is directed to conduct a hearing on this issue and to enter judgment for her for a reasonable attorney fee.

¶ 10 The judgment of the trial court is reversed. This case is remanded for a new trial and for such additional proceedings as are proper.

¶ 11 REVERSED AND REMANDED.

¶ 12 CARL B. JONES, P.J., dissents; and BUETTNER, J., concurs.