2004 OK CIV APP 100

**David SHIRLEY, Plaintiff/Appellant,**

v.

**Kathy SHIRLEY, Defendant/Appellee.**

**No. 99,259.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 28, 2004.

David L. Weatherford, Birmingham, Morley, Weatherford & Priore, P.A., Tulsa, Oklahoma, for Plaintiff/Appellant.

James R. Gotwals, Mary L. Gutierrez, James R. Gotwals and Associates, Inc., Tulsa, Oklahoma, for Defendant/Appellee.

Opinion by KENNETH L. BUETTNER, Presiding Judge.

¶ 1 David Shirley filed for divorce September 10, 2001, seeking to terminate the parties' twenty-two year marriage. The matter was tried November 6 and 7, 2002, but after Husband had presented his case-in-chief and before Kathy Shirley called her expert witness to testify with respect to the value of Husband's business, the parties announced a settlement of all issues except attorney fees and costs. Wife applied for attorney fees and costs in the amount of $16,858.98. A hearing was held on her application March 22, 2003. After the hearing, the trial court awarded Wife $13,402.89. We affirm the judgment except reduce the amount to $10,000.

¶ 2 After the evidentiary hearing, the trial court made specific findings of fact. It stated that the threshold issue for consideration was whether Wife needed an award of attorney fees and costs and whether Husband had the ability to pay those. It then considered the amount of support alimony and child support awarded, as well as the division of marital assets and indebtedness. It then concluded that Wife had the need for the award and that Husband had the ability to pay. It further found that Husband "engaged in unreasonable conduct during the proceedings by failing to settle the issue of support alimony prior to the second day of trial. Such conduct significantly exacerbated the length of these proceedings." It then sustained the Application for Attorney Fees and Costs, in part. Husband contends his conduct in regard to settlement does not justify an award of fees.[1]

¶ 3 The trial court is authorized to award attorney fees and costs pursuant to 43 O.S. 2001 § 110(D):

Upon granting a decree of dissolution of marriage, annulment of a marriage, or legal separation, the court may require either party to pay such reasonable expenses of the other as may be just and proper under the circumstances.

¶ 4 At the hearing, Wife primarily based her argument regarding entitlement for attorneys fees on the fact that Husband never wavered from his offer of $300 per month for two years for support alimony during the pendency of the proceedings, which included mediation and attorney negotiations, and the fact that Husband settled during the second day of trial for a support alimony award of $73,200, payable over a period of six years at a rate of $1,200 per month for the first twenty-four months; $1,000 for the next twelve months; and $900 for the final thirty-six months. Wife also argued that Husband took unreasonable positions on the value of his business and the amount of his income.

¶ 5 In *Finger v. Finger*, 1996 OK CIV APP 91, 923 P.2d 1195, the court cited several

---

1. Husband's second proposition of error, that the trial court abused its discretion by applying child support guidelines to Wife's attorney fee request, was abandoned in Husband's Reply Brief.

factors relevant for the trial court's consideration including "whether either party unnecessarily complicated or delayed the proceedings, or made the subsequent litigation more vexatious than it needed to be." *Id.* at 1198. And in *Gardner v. Gardner*, 1981 OK CIV APP 9, 629 P.2d 1283, the court describes potential liability for attorney fees when a party acts arbitrarily, capriciously, or unduly protracts or "churns" the litigation.

■ ¶ 6 As a rule, courts favor settlement. *Russell v. Board of County Commissioners of Carter County, State of Oklahoma*, 2000 OK CIV APP 21, 1 P.3d 442. However, Wife does not cite, nor have we found, any authority that the failure to make reasonable or satisfactory settlement offers is the equivalent of arbitrary, capricious, or vexatious conduct of litigation that would support attorney fees under § 110(D). Such conduct is normally judged by objective standards by a trial court. On the other hand, there is no general obligation to participate or engage in settlement discussions. Parties to a case have the right to have their disputes resolved by a factfinder in a judicial setting. And, while alternative dispute resolution proceedings are a helpful and efficient adjunct of civil proceedings, the conduct of the parties at those proceedings are not relevant nor revealed to the fact finder. If such were the general rule, then courts would be faced with what occurred in this case, testimony from parties and their counsel arguing over the reasonableness of settlement offers, discussions, and conduct.[2]

■ ¶ 7 We hold that the failure to settle an issue in a divorce case is an inappropriate factor in considering the equities of awarding attorneys fees and costs. Because it appears the trial court used the award in this case as a penalty for failing to settle, we will modify the award by reducing it to $10,000. "When the trial court in granting the wife a divorce and alimony awards her a further sum as attorney's fee which sum is found to be excessive in view of the services rendered, and the items involved, and all attendant circumstances, then it is the duty of this court to fix the attorney's fee award at an amount determined to be reasonable." *Dobry v. Dobry*, 1950 OK 180, 220 P.2d 698, syllabus by the court, ¶ 2. In the case at hand, it is unreasonable to penalize a party for pre-trial negotiations. In all other aspects of the attorney fee award, the trial court did not abuse its discretion.

■ ¶ 8 Wife asks this court for appeal-related attorney fees, which requires us to balance the equities. *Hickman v. Hickman*, 1997 OK 49, 937 P.2d 85. We deny the Motion for Appeal–Related Attorney Fees and Costs. Husband had a good faith argument with respect to the "settlement" issue.

¶ 9 The award of attorney fees and costs is AFFIRMED as modified.

ADAMS, J., dissents, and JONES, J., concurs.

---

2. Mediation sessions pursuant to the Oklahoma Dispute Resolution Act are confidential. 12 O.S. 2001 § 1805(C): No mediator, initiating party, or responding party in a mediation proceeding shall be subject to administrative or judicial process requiring disclosure of any matters discussed or shall disclose any information obtained during any part of the mediation proceedings.