SMITH v. SMITH



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:SMITH v. SMITH

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 SMITH v. SMITH
2019 OK CIV APP 29
442 P.3d 577
Case Number: 116414
Decided: 05/10/2019
Mandate Issued: 06/05/2019
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2019 OK CIV APP 29, 442 P.3d 577

 

MARY F. SMITH, Petitioner/Appellant,
v.
WAYNE A. SMITH, Respondent/Appellee.

APPEAL FROM THE DISTRICT COURT OF
JOHNSTON COUNTY, OKLAHOMA

HONORABLE WALLACE COPPEDGE, TRIAL JUDGE

REVERSED AND REMANDED WITH INSTRUCTONS

Chris D. Jones, JONES LAW, PC, Durant, Oklahoma, For Petitioner/Appellant,

D. Michael Haggerty, II, HAGGERTY LAW OFFICE, Durant, Oklahoma, for Respondent/Appellee.

BRIAN JACK GOREE, CHIEF JUDGE:

¶1 Petitioner appeals a trial court order enforcing a settlement agreement and incorporating it into the decree of dissolution. The trial court erred when it (1) declined to judge whether the division of marital property was just and reasonable, (2) accepted a pre-trial mediation memorandum as conclusive without determining whether the agreement was equitable, and (3) placed the burden of proof on the party opposing the motion to enforce the settlement agreement. We reverse and remand.

¶2 In 1972, Petitioner, Mary F. Smith [Wife], and Respondent, Wayne A. Smith [Husband] were married. On March 28, 2015, they separated, and on September 2, 2015, Wife filed a Petition for Legal Separation and Maintenance [FD-2015-34]. On September 17, 2015, a Decree of Legal Separation and Maintenance was entered.

¶3 On December 15, 2016, Wife filed a Petition for Dissolution of Marriage [FD-2016-48]. Following Husband's Motion for Order of Consolidation, on March 15, 2017, the trial court ordered FD-2015-34 and FD-2016-48 consolidated for trial by Order Consolidating Cases. On May 9, 2017, the parties attended early settlement mediation with their attorneys. At the conclusion of the three hour mediation, the mediator drafted a Memorandum of Understanding [ Settlement Agreement] in the presence of the parties and attorneys and gave each of them an opportunity to read it while still in the room. Neither party signed the Settlement Agreement. On May 25, 2017, Results of Mediation was filed indicating that an agreement had been reached and the attorneys or Husband or Wife will present the paperwork to the trial court.

¶4 The Settlement Agreement provided that (1) Wife was to receive the marital residence and 200 acres of land; $36,000.00 in support alimony paid at the rate of $1,500.00 per month for 24 months; ½ the parties' mineral rights in McClain and Bryan Counties, Oklahoma and Yoakum, Texas; and personal property in her possession, (2) Husband was to receive the Wells Fargo account; all interest in his retirement accounts; $100,000.00 for his interest in the real property payable within two years; ½ the parties' mineral rights in McClain and Bryan Counties, Oklahoma and Yoakum, Texas; personal property in his possession; and his guns.

¶5 Soon after mediation, Wife retained new counsel. Wife's new counsel entered an appearance and filed Notice of Discovery Submitted. Husband filed a Motion to Suspend Discovery/Protective Order and a Motion to Enforce Settlement Agreement. On July 20, 2017, a hearing was conducted on the Motion to Enforce Settlement Agreement. At the hearing, Wife testified that prior to mediation, she had requested her then attorney to conduct discovery in order to give her some options, but the attorney had not done so. She testified that she was 67 years of age and was going to be living on a small amount of money, and that she needed discovery on Husband's state and federal retirement funds. She testified that during mediation, she told her attorney, " .. . we needed to just stop right here, right now, not go any further and just bring it to court and settle it there." The trial court took the matter under advisement. On July 22, 2017, in its Court Order, the trial court issued findings of fact and conclusions of law, and granted Husband's motion to enforce the settlement agreement. On September 6, 2017, in the Decree of Dissolution, the trial court incorporated the Settlement Agreement into the Decree. Wife appeals.

¶6 Wife contends because the Settlement Agreement is unenforceable, the trial court erred in incorporating the Settlement Agreement into the Decree and in requiring her to comply with Decree's terms. She claims the Settlement Agreement is unenforceable absent the approval of the trial court. In Acker v. Acker, 1979 OK 67, ¶10, 594 P.2d 1216, the Supreme Court held that such an agreement is not binding on the trial court. In Dickason v. Dickason, 1980 OK 24, ¶9, 607 P.2d 674, the Supreme Court held a settlement agreement is not enforceable absent its approval by the trial court. In Adams v. Adams, 2000 OK CIV APP 87, ¶5, 11 P.3d 220, the Court of Civil Appeals held that a settlement agreement shall not be approved unless it is fair, just and reasonable. In a divorce case, the trial court has the duty to divide the marital property in a manner "as may appear just and reasonable." 43 O.S. 2011 §121(B). Moreover, in considering whether a divorce settlement agreement is fair and reasonable, the trial court must look beyond the terms of the agreement and consider the relation of the parties at the time of trial, their ages, health, financial conditions, opportunities, and contribution of each to the joint estate. Seelig v. Seelig, 1969 OK 160, ¶13, 460 P.2d 433.

¶7 In the present case, the trial court did not approve the Settlement Agreement, but enforced it nonetheless. In its Court Order, the trial court stated that it declined to follow the rationale of Adams v. Adams, supra., and concluded that the party who seeks to rescind or void a settlement agreement bears the burden of convincing the trial court that the agreement is not fair, just, or reasonable. It found that Wife failed to meet her burden of proof showing that the Settlement Agreement was not fair, just or unreasonable, and that she further failed to meet her burden of proof to show that it was obtained by fraud, duress or undue influence on the part of Husband.[1]

¶8 Divorce actions are of equitable cognizance, and the trial court has discretionary power to divide the marital estate. The reviewing court will not disturb the decision absent some abuse of discretion or a finding that the trial court decision is clearly contrary to the weight of the evidence. Barnett v. Barnett, OK 60, ¶10, 917 P.2d 473. Legal questions are subject to de novo review, i.e., a non-deferential, plenary and independent review of the trial court's legal ruling. Fulsom v. Fulsom, 2003 OK 96, ¶2, 81 P.3d 652.

¶9 In Wheeler v. Wheeler, 1934 OK 113, 167 Okla. 598, 32 P.2d 305, in its syllabus, the Supreme Court held:

1. When a husband and wife enter into an agreement fair and just, free from fraud, coercion or undue influence and they present the same for sanction in a court of equity in settlement and disposition of their property rights in the event a divorce is granted to either of the parties, the court in every case should scrutinize such a transaction very closely to ascertain whether the same was fairly entered into and whether or not the same is reasonable, just and fair to the parties to the agreement. The court in the exercise of its chancery powers and the mandatory statutory duty must look beyond the terms of the agreement to ascertain all the facts and circumstances surrounding its execution and consider the relationship of the parties at the time of the trial, their ages, needs, health, financial conditions, opportunities to provide for themselves, and the part each performed in acquiring and contributing to the joint estate in order that the court may make such a division of the property jointly acquired during their marital relation as may appear just and reasonable.

2. If a property settlement presented for approval of a court in a divorce proceeding meets all equitable and statutory requirements then there is no reason why the trial court should not approve the agreement entered into between the husband and wife, for in doing so justice is administered. However, if the trial court is of the opinion that such a division of the jointly acquired property does not appear reasonable, just, and fair, it becomes his duty to reject and disapprove said contract in whole or in part, and to make a just, fair, and reasonable division between the parties respecting their jointly acquired property.

3. A property settlement entered into between husband and wife without regard to a divorce is unquestionably valid and enforceable in the absence of fraud, duress, coercion, and undue influence, but when the same if presented affirmatively or defensively in a divorce proceeding for the sanction of the trial court, the trial court is not required to follow the same in whole or in part, if, in its opinion, the same is not fair and just, viewed from all the facts and circumstances, including the conditions as they appear at the time of trial. Moog v. Moog, 203 Cal. 406, 264 P. 490.

¶10 The trial court presumed the Settlement Agreement was enforceable and then cast the burden of proof upon Wife to prove that the Settlement Agreement was not fair or reasonable.[2] In its Court Order, the trial court stated,

. . . The Adams Court misconstrues the holdings in Dickason. The language in Dickason which could be construed to mean what Adams says it means is 'A pre-divorce property settlement agreement is not enforceable absent its affirmative approval by the Court.' This statement is considered by this Court to be "dicta." It was not a necessary finding needed to reach its conclusion. Dickason involved a spouse attempting to modify a Judgment entered by the Court following a pre-divorce settlement agreement. The facts in Adams and in the case at bar involve attempts to have a pre-decree settlement agreement voided or not enforced prior to it being made into a judgment.

The Adams Court relying on Dickason found that the trial court erred in not ascertaining whether the parties [sic] settlement was fair, just, and reasonable. This Court finds that the party who seeks to rescind or void a settlement agreement bears the burden of convincing the Court that the settlement agreement is not fair, just, reasonable, or was obtained by fraud, duress, or undue influence.

¶11 A settlement agreement is not enforceable absent its affirmative approval by the trial court. This is binding precedent. Dickason v. Dickason, 1980 OK 24, 607 P.2d 674; Hickman v. Hickman, 1997 OK 49, ¶10, 937 P.2d 85, 88. The Court of Civil Appeals correctly applied Dickason in a case with facts nearly identical to the case at bar. Adams v. Adams, 2000 OK CIV APP 87, 11P.3d 220. We agree with Adams in both its holding and rationale.

¶12 In order to determine whether the Settlement Agreement was enforceable, the trial court had the duty to determine whether it was fair, just, and reasonable. The trial court erred in failing to determine whether the Settlement Agreement was fair, just, and reasonable to the parties.

¶13 Based on the determination of the previous proposition of error, it is unnecessary for this Court to address the proposition of error regarding the Statue of Frauds.

¶14 The matter is REVERSED and REMANDED with instructions for proceedings consistent with this opinion.

JOPLIN, P.J., and BUETTNER, J., concur.

FOOTNOTES

[1] Previously, at the hearing on the Motion to Enforce Settlement Agreement, the trial court had stated that, "Well yeah, I've got to determine whether its [the Settlement Agreement] fair and reasonable."

[2] Wife could hardly produce such proof because she was not permitted to conduct discovery concerning the existence of some of the marital assets or their value.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2000 OK CIV APP 87, 11 P.3d 220, 71 OBJ 2098, ADAMS v. ADAMS
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1997 OK 49, 937 P.2d 85, 68 OBJ 1372, Hickman v. Hickman
Discussed
 1934 OK 113, 32 P.2d 305, 167 Okla. 598, WHEELER v. WHEELER
Discussed at Length
 1969 OK 160, 460 P.2d 433, SEELIG v. SEELIG
Discussed
 2003 OK 96, 81 P.3d 652, FULSOM v. FULSOM
Discussed
 1996 OK 60, 917 P.2d 473, 67 OBJ 1594, Barnett v. Barnett
Cited
 1980 OK 24, 607 P.2d 674, Dickason v. Dickason
Discussed at Length
 1979 OK 67, 594 P.2d 1216, ACKER v. ACKER
Discussed
Title 43. Marriage
 Cite
Name
Level

 43 O.S. 121, Restoration of Maiden or Former Name - Alimony - Property Division
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA